A. H. WARREN, Respondent, v. THE BANKERS' AND MERCHANTS' TOWN MUTUAL COMPANY OF LIBERTY, MISSOURI, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Insurance**: VALUED POLICY: STATUTE: TOWN MUTUAL COMPANIES. Sections 5897 and 5898, Revised Statutes 1889, relating to valued policies, are not applicable to town mutual insurance companies but are expressly exempt by the laws of 1895.

2. ————: PROOFS OF LOSS: TOWN MUTUAL COMPANIES: LAWS OF 1895. The act of 1895 providing that when the insurer has notice of the loss it is his duty to send the insured blank proofs of loss, and if the insured does not do so he waives proofs of loss, applies to town mutual companies as well as all other companies.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Geo. Hall & Son* for appellant.

(1) The general statutes of the state of Missouri in relation to fire insurance companies, and the act of the legislature in regard to notice and furnishing blank proofs of loss, approved April 1, 1895—Laws of 1895, p. 195—do not apply to town mutual fire insurance companies. See Laws of 1895, p. 200; *Maddox v. Ins. Co.*, 56 Mo. App. 343; *LaForce v. Ins. Co.*, 43 Mo. App. 518; *Haggard v. Ins. Co.*, 53 Mo. App. 98; *Shehan v. Ins. Co.*, 53 Mo. App. 351; *McCullough v. Ins. Co.*, 113 Mo. 606. (2) The law passed and approved April 1, 1895—Laws of 1895, p. 195—does not

repeal the law enacted March 21, 1895—Laws of 1895, p. 200. Two statutes upon the same subject should be construed so that both may stand. *Andrew County ex rel. v. Schell*, 135 Mo. 31, 42; *Manker v Faulhaber*, 94 Mo. 430.

*Harber & Knight* for respondent.

After plaintiff had notified Mr. B. F. Wood, the defendant's agent who issued the policy and who was the only and nearest agent to the place of loss thereof, and the company failed to furnish blank forms of statements and proofs of loss to the insured, it could not thereafter be heard to complain of the assured's failure to furnish such statements or proofs of loss. This appellant concedes this if the act of April 1, 1895, applies to it. See Laws 1895, p. 195, secs. 1, 2. The act above referred to unquestionably applies to appellant, for it is a general law, applying to all fire insurance companies alike, broad and sweeping in its terms, not amendatory of or made dependent upon any other act or law.

GILL, J.—This is a suit on an insurance policy covering a small one story frame house in the town of Laredo, insured in the sum of $400, and $50 on barber's tools, furniture, etc., contained in a room of the building used as a barber's shop. Plaintiff recovered in the lower court and defendant appealed.

I. Among the instructions given the court told the jury that if they found for the plaintiff and found "that there was a total loss and destruction of the building then the law fixes the amount of the defendant's liability therefor at the amount specified in the policy which is four hundred dollars," etc.

INSURANCE:
valued policy:
statute: town
mutual com-
panies.

In so instructing the court committed error.  The sections of the statute fixing the liability of insurance companies for buildings destroyed at the sum named in the policies are found in chapter 89, Revised Statutes 1889, sections 5897 and 5898; and these provisions do not apply to insurance taken by town mutual insurance companies, since the legislature has exempted such companies from the provisions of that chapter. Laws of 1895, p. 200.

II.  On evidence sufficient for that purpose the court in substance instructed the jury that if they found that within a reasonable time after the fire the plaintiff gave notice to defendant's agent nearest to the place of loss, then it was the duty of defendant to furnish plaintiff with blank proofs of loss required by the policy; and if defendant failed to furnish such blanks then under the law the company will be deemed to have waived such proofs.

*——: proofs of loss: town mutual companies: laws of 1895.*

This instruction is based on a late statute of this state found in the session acts of 1895 at page 195. But defendant's counsel contend that said statute has no application to these town mutual insurance companies, the class to which the defendant belongs.  The position of counsel is not tenable.  The exemption before alluded to (Laws 1895, p. 200) goes only to "the provisions of the insurance laws as mentioned in chapter 89" of the revision of 1889, while the statute relating to the waiver of proofs of loss, as above cited, was not passed until 1895, and by its terms applies to *all* insurance companies.  It is an entirely new statute, is not an amendment even of any provision of chapter 89, and therefore does not belong to that chapter. Plaintiff's instruction number 8 therefore properly declared the law.

· But for the error in giving plaintiff's ninth instruction, first alluded to, the judgment must be reversed and cause remanded. All concur.