F. S. Sappington, Respondent, v. St. Joseph Town Mutual Fire Insurance Company, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Insurance:** VALUE: INSTRUCTION. An instruction telling the jury that if the insured items were each worth the amount of the insurance thereon their verdict should be so and so, is equivalent to telling them that if they believe the cash value of the property at the time of the loss equaled the amount of the insurance, their verdict should be as directed.

2. ———: TOWN MUTUAL COMPANY: VEXATIOUS DELAY: HARMLESS ERROR. A town mutual insurance company is exempt from the operation of section 5927, Revised Statutes 1889, and an instruction that if defendant vexatiously refused to pay, the jury might add interest, etc., is erroneous; but as the verdict in this case shows the jury did not follow such instruction it is here harmless.

*Appeal from the Boone Circuit Court.*—Hon. J. A. Hockaday, Judge.

Affirmed.

Fyke, Yates & Fyke, for appellant.

(1) Instruction number 1 given for plaintiff is error in that it fails to give the jury any proper legal standard by which the measure of damages should be determined. (2) Instruction number 4 given for plaintiff is error. Mutual insurance companies are exempt from all the provisions of chapter 89, Revised Statutes 1889. Among these provisions is section 5927, upon which this instruction is based. Warren v. Ins. Co., 72 Mo. App. 188.

C. B. Sebastain and H. S. Booth for respondent.

(1) Plaintiff's instruction number 1 is not open to the criticism made by appellant. The meaning of

an instruction is to be determined by considering it altogether, not in detached phrases. The word "worth," when so taken, has a common use and meaning, which the jury clearly understood; and it is in harmony with appellant's instruction number 1 on the same subject. Fenwick v. Bowling, 50 Mo. App. 516. (2) If the court erred in giving plaintiff's instruction number 4, as to a penalty for vexatious delay, it was a harmless error, as no penalty was assessed by the jury.

SMITH, P. J.—This is an action brought by plaintiff against defendant, a town mutual fire insurance corporation organized under the statute of this state, to recover a fire insurance policy issued by the latter to the former for $1,200. There was a trial and a judgment for plaintiff and the defendant appealed.

The defendant as ground for reversing the judgment assigns as error the action of the circuit court in the giving of two of the plaintiff's instructions. The first of which told the jury in substance that if they believed from the evidence that the plaintiff owned the insured property at the time of the destruction thereof by fire and that the various items thereof "were each worth the amount of the insurance thereon," etc., the verdict should be for plaintiff. This, we think, was equivalent to telling the jury that if they believed that the cash value of the property at the time of the loss was equal to the amount of insurance placed thereon, to find for plaintiff. When one asserts in common parlance that a piece of property is worth a certain sum he is thereby understood to mean and refer to the cash value. And we have no doubt that such was the understanding of the jury.

INSURANCE: value: instruction.

The defendant contends that there is an absence of any evidence tending to prove the value of the

property destroyed but an examination of the record has convinced us that this contention ought not to be sustained.

The other of the plaintiff's instructions already referred to told the jury that if the defendant vexatiously refused to pay plaintiff any of the items of insurance within a reasonable time after the same became due, they might add to such item or items and interest thereon a further allowance of not exceeding ten per cent of the amount of such item or items. The defendant insists further that it is exempt from the operation of chapter 89, Revised Statutes. Among the provisions of this chapter is section 5927, upon which plaintiff's instruction is based. We think this insistence should be upheld. Acts 1895, p. 200; Warren v. Ins. Co., 72 Mo. App. 188.

——: town mutual company: vexatious delay: harmless error.

But while this is so a reference to the verdict will show that the jury did not allow the ten per cent authorized by plaintiff's instruction, so that it appears from the record that the error was in its effect absolutely harmless to defendant, and therefore no ground for reversing the judgment.

Accordingly the judgment will be affirmed. All concur.