WILLIAM F. BODE, Respondent, v. FIREMEN'S INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1903.

1. **INSURANCE: Pleading: Interest of Insured: Aider by Answer.** A petition summarized in the opinion is examined and held to fairly describe the interest of the insured and, if defective, it is aided by the answer.

2. ——: ——: **Value.** A petition on a policy insuring real property need not state the value, since the statute conclusively fixes that by the policy. (Distinguishing Mills v. Ins. Co., 95 Mo. App. 211.)

3. ——: ——: **Evidence.** It is held that the petition and evidence sufficiently identify the structure insured as a building.

4. ——: ——: **Ownership: Instructions.** Where there is no issue of the plaintiff's ownership made by the pleadings, the court is not required to submit that question to the jury.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The petition does not state a cause of action. It fails to allege that plaintiff's assignor had an interest in the property described. It does not allege what the value of the property or interest was (if she had an interest), or that it had any value. The property was

not a building. It was an incomplete structure. Story v. Ins. Co., 61 Mo. App. 534; Green v. Ins. Co., 69 Mo. App. 420; Pier v. Heinrichoffen, 62 Mo. 333; Scott v. Richards, 67 Mo. 280; Stanley v. House Furnishing Co., 21 Mo. App. 128. (2) Only one instruction was given at plaintiff's request. It purports to cover the whole case, but does not submit the question of interest in plaintiff's assignor, Elizabeth Clark, (whether she had an interest in the property), and the omission is not in any manner supplied. This question, which is vital under the pleadings, is completely withdrawn from the jury—a failure to instruct on any branch of the case is reversible error. That question in the case should have been submitted to the jury. State v. Davis, 80 Mo. App. 230; Robertson v. Railroad, 152 Mo. 382; Lesser v. Railroad, 85 Mo. App. 326, l. c. 335; Booth v. Lay, 83 Mo. App. 601.

*Elliot Spaulding* and *Jno. Geo. Parkinson* for respondent.

(1) The only method by which the testimony of witnesses at trial can be made a part of the record is by incorporating their testimony into a bill of exceptions, and thereby having it made a part of the record proper. Nichols v. Stevens, 123 Mo. 96; State v. Smith, 114 Mo. 406. (2) By section 7969, Revised Statutes 1899, in case of a total loss the measure of damages is the amount for which the property is insured. (3) Absolute ownership is not necessary, in order to give one an insurable interest. It may be some right or interest which the court will enforce in property. The interest may be a conditional, contingent or equitable one. It may refer to a future interest or rest upon a valid executory contract. 2 Joyce on Insurance, sec. 888, page 1033. (4) The authority of an insurance agent to solicit insurance, carries with it by legal implication the right to fill up applications and to do all other things

necessary to the proper and full discharge of the business in hand. And if the assured communicates to the soliciting agent the true facts concerning the property, its title, etc., or if the agent assures him that the matter disclosed is of no consequence, the company can not avoid liability under the policy notwithstanding the provision that ''if the title be other than unconditional and sole ownership in fee simple'' is contained in the contract of insurance. Montgomery v. Ins. Co., 80 Mo. App. 500; Flournoy v. Ins. Co., 80 Mo. App. 655; Trust Co. v. Ins. Co., 79 Mo. App. 362; Rickey v. Ins. Co., 79 Mo. App. 485; Steam Laundry v. Ins. Co., 151 Mo. 90.

SMITH, P. J.—This is an action on a fire insurance policy. The petition in substance alleged: (1) That on November 2, 1901, Hans Neilson entered into written contract with David V. Clark whereby the former agreed to sell and convey by deed to the latter certain lots in the city of St. Joseph at a time specified in said contract; (2) that on December 11, 1901, the said David V. Clark assigned all his rights under said contract to Elizabeth Clark and that the latter caused to be constructed thereon a two-story frame dwelling house with a brick basement and shingle roof, and which said dwelling was practically completed at the time the same was insured; (3) that on the 15th of January, 1902, the defendant issued to the said Elizabeth Clark the $800 policy of fire insurance sued on to cover said building; (4) that at the time of the taking out of said insurance the plaintiff through her agent explained and imparted to the defendant, its officers and agents, complete knowledge of the exact title and interest she had in said lots and the building thereon and that defendant issued said policy with a full understanding of the exact condition of said title and her rights thereunder. The petition further alleged the assignment of the policy to the plaintiff, etc.

The answer contained a general denial to which was added a paragraph setting forth a provision of the

policy to the effect that "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple," and which was followed by an allegation that at the time of the issue of the said policy the interest of the insured in said property was other than the unconditional sole ownership thereof and that the subject of the insurance was a building on ground not owned by the insured in fee simple, etc.

The contract referred to in the petition required Mrs. Clark to pay Neilson $400 within ninety days after the date of the contract, and that upon the payment of which the latter was to execute to the former a warranty deed for the lots; and there was also a further requirement therein that she should erect a house on said lots at a cost of not less than $890. In the face of the policy the subject of the insurance was described as a "two-story frame brick basement shingle roof dwelling house." It was also stipulated in the policy that the insured should have "permission to finish and complete the building."

At the conclusion of the evidence the court instructed the jury at the request of the plaintiff as follows: " . . . provided, that you find from the evidence that the defendant company's agent, John C. Landis, knew the interest of Elizabeth Clark, the insured, and knew at the time of the issuing of said policy that the subject of insurance was a building on ground not owned by the said Elizabeth Clark in fee simple and that the interest of the insured was other than that of sole ownership; and, provided, that you further find from the evidence that the interest of Elizabeth Clark under said policy in said loss, if any, was assigned to plaintiff prior to the bringing of this suit," your verdict will be for the plaintiff. The court at the request of the defendant gave an instruction the converse of that

part of plaintiff's just quoted. The verdict of the jury was for plaintiff and the defendant appealed. It is contended by the defendant that the petition fails to state a cause of action in that it does not allege that the plaintiff's assignor, Mrs. Clark, had an interest in the property covered by the policy. To this contention we can not agree. The petition, it seems to us, very fairly and explicitly describes the interest of the insured. It shows an equitable interest; that under the written contract Neilson was obligated to execute a deed conveying to her the fee-simple title to the lots; impliedly she had been put in possession and had made lasting and valuable improvements thereon—had erected a dwelling house thereon. If the allegation of the petition as to interest or title be defective, that of the answer that she had a title less than a fee simple aids it and cures the defect. How can it be contended in the face of such allegations that the petition does not allege that the insured had an interest in the property? It seems clear to us that from these allegations the interest of the insured in the property may be reasonably inferred, and if so the petition in that respect is not subject to the objection urged against it. Jones v. Phil. Underwriters, 78 Mo. App. 296.

The defendant next contends that the petition is further defective in that it fails to allege the value of the property, or that of the insured therein. Under the statute (section 7969, Revised Statutes) such an allegation was not required. The value of the property was conclusively fixed by the policy and an allegation of the amount for which the insurance was effected was all that was required. Jones v. Phil. Underwriters, supra, Havens v. Ins. Co., 123 Mo. 417.

We can not see that this case is at all analogous to that of Mills v. Ins. Co., 95 Mo. App. 211. There, the building and machinery covered by the policy were on a mining lease and had been erected and placed there to be used in the prosecution of mining operations and

did not become a part of the land and were not therefore to be regarded as real property. It was accordingly held that sections 7969-7970 had no application to the policy. But here, the insured held a valid enforcible obligation for a conveyance to her of the fee in the lots and she had erected a substantial dwelling house thereon, and, therefore, the interest she had was not that in personal but in real property. She had an interest in land which can by no sound reasoning be converted into an interest in personal property. The building was a dwelling house and was a permanent structure. It was an integral part of the realty and in no sense personalty. It was prima facie a part of the realty on which it was built. Brown v. Turner, 113 Mo. l. c. 32.

It stands admitted by the pleadings that the structure on the lots was a building. And though not entirely complete, it must accordingly be regarded as having acquired identity as a building.

We do not think the plaintiff's instruction is subject to the defendant's animadversion. It is substantially admitted by the pleadings, as already stated, that Mrs. Clark had a "title"—an interest in the lots—though that title and interest was not that of a fee-simple estate. Under the pleadings, as we construe them, there was no issue raised as to Mrs. Clark's interest in the lots. There being no such issue made by the pleadings, the trial court was not required to submit it to the jury. The only issue touching her interest was whether the defendant's policy-writing agent knew when he wrote the policy that her title was only an equitable interest and not that in fee simple; and this issue was very fully submitted to the jury by both the instructions of the plaintiff and the defendant.

There was, it is true, a palpable and irreconciliable conflict in the evidence, but the jury settled that; and by that settlement we are conclusively bound.

The judgment must be affirmed. All concur.