RITCHEY, Respondent, v. HOME INSURANCE COMPANY, Appellant.

*St. Louis Court of Appeals, January 19, 1904.*

1.   **INSURANCE: Value of Property: Statute Conclusive.** The statutes of the State, section 7969, 7970 and 7979, Revised Statutes, 1899, relating to fire insurance become a part of a policy of insurance by implication, as if embodied therein, and all stipulations of the policy must yield to the statute.

2.   ——: ——: **Fraudulent Representations: Evidence.** In an action on a policy of fire insurance, covering a building on real estate, where the defense is that the policy was obtained by

fraudulent representations as to the value of the property, but the answer failed to state that the policy would not have been issued had the company known the real state of the facts, and where there was no written application for the policy, oral evidence as to such fraudulent representation was properly excluded.

3. ———: ———: ———: ———. Where the policy authorized cancellation at any time by the company and the evidence showed that the soliciting agent, who took the policy, was familiar with the property insured, it is too late, after the loss is sustained, to pray in the answer to have the contract annulled on account of the fraudulent representations as to the value.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* and *Whiteside & Yant* for appellant.

(1) The court erred in sustaining plaintiff's objection to the evidence offered by defendant tending to show that the policy was obtained by fraudulent representations as to the value of the building. This evidence seems to have been excluded upon the theory that the valued policy law had some bearing upon the question. But it has not. It may be that defendant, if liable at all would be liable for the face of the policy. But if the policy was fraudulently obtained no recovery could be had, because fraud vitiates. School District v. Ins. Co., 61 Mo. App. 597; Maddox v. Ins. Co., 56 Mo. App. 343; Lama v. Ins. Co., 51 Mo. App. 447. (2) The value of building insured is material as a matter of law. To insure a building worth $400 for $1,500 would certainly be material to the risk.

*W. T. Rutherford* for respondent.

(1)   The court did not err in sustaining plaintiff's objection to the evidence offered by defendant tending to show that the policy was obtained by fraudulent representations as to the value of the building.   Sec. 7969, R. S. 1899; Sec. 7979, R. S. 1899; Williams v. Fire Ins. Co., 73 Mo. App. 607; Gibson v. Ins. Co., 82 Mo. 575. It was necessary for the answer to state (which it does not) that the policy would not have been issued, but for the false statements concerning the occupancy and the value of the building.   Ins. Co. v. Simmons, 69 N. W. (Neb.) 134; Ins. Co. v. Mfg. Co., 49 S. W. (Tex.) 222-225; Christian v. Ins. Co., 143 Mo. 464; Levi v. Ins. Co., 39 N. E. (Mass.) 792; Ins. Co. v. Golden, 23 N. E. 508; Ins. Co. v. Combs, 49 N. E. 411; Summers v. Ins. Co., 80 Mo. App. 691.   (2)   Any representations made by the assured, to be available to defendant, must have been made in writing and made a part of the policy issued and sued upon, for the reason that the contract could not be partly in writing and part oral, and the representations concerning the value of the building must have been made prior to the issuance and delivery of the policy to induce its issuance. May on Ins. (4 Ed.), sec. 192; Ostrander on Ins. (1 Ed.), sec. 358; State ex rel. Yeoman v. Hoshaw, 98 Mo. 358; Pearson v. Carson, 69 Mo. 550; Bast v. Bank, 101 U. S. 93; Kent's Com. (13 Ed.), side p. *556; Sec. 7973, R. S. 1899; Sec. 7974, R. S. 1899.   (3) It is too late after a loss has occurred under a policy of insurance to have it declared null and void on account of fraud exercised in obtaining the policy.   If the statements of respondent concerning the value of the building were warranties or misrepresentations, still it would not be a defense, and fraudulent statements to the same effect could not take the place of warranties. Schuerman v. Ins. Co., 165 Mo. 641; Kern v. Legion of Honor, 167 Mo. 471.

REYBURN, J.—This action is upon a policy of insurance issued December 27, 1901, covering "$1,500 on the shingle roof frame building and additions, including foundations, occupied as a private house." January 4, 1902, consent was endorsed on the policy for occupancy of the barn by a careful tenant, and January 22, 1902, the barn was burned.   From judgment upon the verdict of the jury in favor of plaintiff, defendant has appealed and in this court chiefly one objection to the judgment below is encountered; namely, that defendant was not permitted to introduce evidence tending to prove that the policy was obtained by fraudulent representations anterior to the issuance of the policy respecting the value of the building, which was material to the risk. There was no written application taken for the policy, and it was solicited and obtained by the local agent of appellant, and the conversations between this agent and plaintiff in the negotiations preliminary to his acceptance of the risk, were sought to be elicited and were excluded by the court upon objections thereto by plaintiff.   At the threshold of the case it may be stated that the answer contained no averment that but for the alleged false statements the policy would not have been issued.

In Christian v. Ins. Co., 143 Mo. 460, the Supreme Court intimated that unless the answer pleads that the policy would not have been issued had the company known the real state of the facts, no issue of misrepresentation is made, and in Summers v. Ins. Co., 90 Mo. App. 691, this court, citing the above decision, held an answer insufficient containing no allegation that defendant would not have issued the policy had it known the real state of facts misrepresented by assured in his application.   While this principle is thus invoked and made applicable in this State to accident and life insurance policies, by analogy it would apply with equal force to insurance against fire and has been so directed in other jurisdictions.   Aetna Ins. Co. v. Simmons, 69 N.

W. (Neb.) 134. Sections 7969, 7970, and 7979 (R. S. 1899), being part of the statute law of this State, when this policy was issued, became a part of the contract by implication with the same effect as if embodied therein. Christian v. Ins. Co., supra. Or as expressed in Havens v. Ins. Co., 123 Mo. 403, all stipulations of the policy must yield to the statute. Under the provisions of above sections, especially under the concluding clause of the section last named, the value of the property, the risk accepted and insured, was made conclusive and incontestable in policies affecting real property. Such was the view expressed by this court in case of Williams v. Ins. Co., 73 Mo. App. 607, where the presiding judge stated: "While it is not necessary to decide the point in this case, it seems to us that the question of the valuation of the house is eliminated from inquiry, for the reason that the policy is a valued one by the force and effect of section 5897, R. S. 1899. An attempt to evade the statute as to the value in the application and policy should not be sanctioned by the courts. The statute is as much a part of the policy as any clause or warranty written in it and should prevail against any warranty made in contravention of its provisions, because it is the law of the state and declaratory of its policy as to insurance of this class of property against loss by fire." The final sentence of section 7979 was the subject of construction in Gibson v. Ins. Co., 82 Mo. App. 515, where it was interpreted to limit insurance risks to three-fourths of the value of the property insured, and that the practical effect was to convert a policy upon chattels into a valued policy. This latter decision, however, appears to have escaped attention in later cases in the same court in Mills v. Ins. Co., 95 Mo. App. loc. cit. 217, as well as the succeeding case of Bode v. Ins. Co., where the Millis Case is considered, 77 S. W. 116. Without any construction of the above section 7979, our conclusion, however, remains fixed, that in this case involving a policy covering a building upon realty, and under the framing

of the defense, the trial court did not err in excluding the evidence offered, tending to show that the policy was obtained by fraudulent representations of the value of the building. It may also, with plausibility and convincing force, be argued that after a loss has ensued on a policy of insurance, the prayer of the answer herein to have the contract cancelled and annulled on account of fraud exercised in obtaining it, is made too late. Such is the doctrine applied to policies of life insurance, and we know of no reason why it should not apply as forcibly to policies indemnifying against loss by fire.   Kern v. Legion of Honor, 167 Mo. 471; Schureman v. Ins. Co., 165 Mo. 641.   Especially in view of the following provisions of this policy, "this policy may be cancelled at any time by the assured, or the company, by notice given to that effect."   While the defense above discussed is made the more prominent in appellant's argument, it is further urged in behalf of appellant that there was no evidence, that it knew that the building was used as a warehouse, or was occupied by more than one tenant, whereby, as averred in its answer, the risk was greatly increased, and, therefore, the instructions given submitting the issue of such knowledge on appellant's part were erroneous.

It is sufficient to dismiss these contentions with the response, that there was substantial testimony upon these issues introduced by plaintiff, and they were properly questions of fact for the jury, and so properly considered by the trial court and submitted under proper instructions.   The testimony at the trial further disclosed that the soliciting agent had been the defendant's representative at Kahoka, his place of residence, for many years, and was familiar with the barn insured; that he passed it frequently, and was at a short distance from it and in plain view of it, when negotiating the policy here concerned.   Under such a state of facts the language of the Supreme Court employed in Daggs v. Ins. Co., 136

Mo. 382, in passing upon the validity of sections 5897 and 5898 is especially apt:

"The manifest policy of the statute is to prevent, rather than encourage, over-insurance, and to guard, as far as possible, against carelessness, and every inducement to destroy property in order to procure the insurance upon it. It was also designed to prevent insurance companies from taking reckless risks in order to obtain large premiums by advising them in advance that they would be held to the value agreed upon when the insurance was written.

"No company is bound to insure any piece of property without first making a survey and examination of the premises, and it is not compelled to insure the full value of them. But having the opportunity to inspect fully before insuring, and then fixing the amount of the risk, and receiving the premium based upon such valuation, it ought to be forever estopped, in case of a total loss, from denying the valuation agreed upon; and such was the law long before this statute was enacted."

The case was fairly tried, the instructions given correctly stated the law and the judgment is affirmed. *Bland, P. J.,* and *Goode J.,* concur.