# PETER DeMAET v. FIDELITY STORAGE, PACK-ING and MOVING COMPANY, Appellant.

## Division One, December 23, 1910.

1. **NEGLIGENCE: Hastening Death.** Even though deceased was afflicted with certain organic troubles which would have shortly terminated her life, yet if the negligence of defendant hastened her death, it is liable for damages.

2. ————: **Conjecture: Different Causes of Death: Demurrer.** There was evidence that deceased had three or four organic troubles which might have caused her death, and there was evidence that her death was due to the negligence of defendant, whose driver, in charge of a vehicle, struck her, throwing her to the pavement. In addition to those facts she was down town in apparent good health at the time she was struck by the vehicle, on the 4th of the month; she went home and took to her bed and there remained until her death on the 20th; her attending physician testified that, whilst he did not know exactly what caused her death, in his opinion it resulted either from a hemorrhage of the brain or from the shock; and opposed to this theory, was the testimony of the physicians who held the autopsy and discovered the organic diseases. *Held*, that the verdict for plaintiff was not based on conjecture, but there was substantial evidence to support it, and the demurrer to the evidence was properly overruled. [Overruling DeMaet v. Fidelity Storage, Packing & Moving Co., 121 Mo. App. 92.]

3. ————: **Question: Cause of Death: No Objection.** A question asked of a physician, "What in your judgment was the cause of the death of plaintiff's wife?" should be ruled out upon proper objection, because it calls upon the witness to determine the issue which is to be left to the jury; but the objection, "The witness has not qualified as an expert," is without force, and being the only objection, no reversible error resulted from the question.

4. ————: **Expert: Physician.** A witness who is a graduate of a medical college and has been a regular practicing physician in this State for eight years, and attended the deceased twelve days of the sixteen she survived the injury, is a competent expert to testify what caused her death.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Jeptha D. Howe, A. E. L. Gardner, Alphonso Howe* and *Henderson, Marshall & Becker* for appellant.

*John A. Talty* for respondent.

GRAVES, J.—This case is certified to this court by the St. Louis Court of Appeals. The principal opinion is written by Hon. Eugene C. TITTMAN, as a special judge, and concurred in by BLAND, P. J. Plaintiff was the husband of Predentia DeMaet, and as such brought suit for the alleged negligent killing of his wife by the defendant. Upon a trial in the lower court the plaintiff recovered. Upon a hearing in the St. Louis Court of Appeals the judgment was reversed outright by the concurrence of the two judges aforesaid. Judge GOODE, however, was of the opinion that the plaintiff had made a case for the jury and dissented, and in such dissent, asked that the cause be certified to this court on the grounds that the majority opinion was in conflict with the cases of Stafford v. Adams, 113 Mo. App. 717, and Rattan v. Railroad, 120 Mo. App. 270. *Vide,* DeMaet v. Fidelity Storage, Packing & Moving Co., 121 Mo. App. 92.

From the dissenting opinion of GOODE, J., it appears that the case turns upon the facts somewhat more than the law. His contention is that, under certain facts detailed in his opinion, the case was one for the jury, and under those facts the majority ruling was adverse to the two cases cited. This reduces the question here to the force and effect of the facts shown, and the further question as to whether or not the two cases mentioned go as far as Judge GOODE was of the impression they did go; and it might be added that, if they did so go, whether or not the cases declared the law. The facts upon both sides are discussed and stated in the two opinions. For brevity in this statement we

refer to the opinions of the Court of Appeals, which should be examined for details. We, however, must go over more or less of the evidence in discussing the points made by counsel, as well as the point made in the dissenting opinion. Having this duty imposed we leave the detailed facts to be discussed in the course of the opinion. This in a general way sufficiently states the case.

I. The principal opinion from the Court of Appeals plants itself upon the proposition that the trial court was in error in not sustaining a demurrer to the testimony. The petition charges that one of defendant's employees, in charge of and driving one of defendant's vehicles, negligently struck the wife of plaintiff, throwing her to the pavement, and inflicting such injuries as subsequently occasioned her death. Several disputed questions are suggested by the evidence, thus: (a) Was the driver upon that day in the actual service of defendant, or was he at the time using one of defendant's rigs in his own private business? There is proof both ways upon this question. (b) Another question is whether the driver ran on to plaintiff's wife, or plaintiff's wife ran into the vehicle. Upon this question the evidence is again conflicting. (c) Likewise the evidence tending to show negligence or no negligence upon the part of the driver is conflicting. (d) The same may be said of the evidence as to the alleged contributory negligence of deceased.

The principal opinion does not question the propriety of the judgment *nisi* upon any of these questions, but says: "The most that can be said for the plaintiff is that the whole evidence taken together shows that death resulted either from the injury received from the buggy, or from one of three chronic diseases of long standing, but which of these conditions was the cause can only be a matter of conjecture. For the foregoing reasons, in my opinion, the judgment of the lower court should be reversed."

The opinion in effect concedes that the effect of the alleged injury might have been the cause of the death. It says that there are four causes to which the death might have been attributed; this, upon the result of an autopsy held upon the body of deceased, and as testified to by the physicians holding the autopsy. This evidence indicated that the deceased was troubled with some three or more organic troubles which might cause death. The details are set forth in the opinion of Judge TITTMAN. Because the death might have resulted from these organic troubles or from the injury, it is held that the case falls within the field of conjecture, and for that reason the demurrer should have been sustained. In the dissenting opinion of GOODE, J., is set forth the evidence upon which he thinks the case was one for the consideration of the jury. This evidence in its fullness can be gathered from his opinion. But beyond what he sets out in full it must be remembered that it was shown that the plaintiff was down town in apparent good health, at the time she collided with the vehicle of the defendant. It should also be remembered that she went home and took to her bed and there remained until the date of her death, which occurred within a month of the date of the collision. She was injured on the 4th of the month and died upon the 20th. Reading the evidence for the plaintiff it appears that her attending physician said that whilst he did not know exactly what caused the death of the woman, yet in his judgment it either resulted from a hemorrhage of the brain, or from the shock. Opposed to this theory was the testimony of the physicians holding the autopsy.

It appears clearly from the evidence that this woman was walking the streets of St. Louis in apparent health. It appears that she had done the household work for her family, and this, too, without serious illness. Be it granted that there were certain organic troubles which would have shortly terminated her life,

yet if the negligence of the defendant hastened the result, it is yet liable. [Strode v. Railroad, 197 Mo. l. c. 621.]

With evidence in the case to the effect that deceased, apparently strong and healthy before the accident, immediately thereafter took to her bed and there remained until her death, it will not do to say that the case is one falling within the rule of conjecture. The same question has been so recently gone over by this court that further elaboration is not required. [McDonald v. Railroad, 219 Mo. 468; Sharp v. Railroad, 213 Mo. 517.]

In the Sharp case the question was as to whether the death resulted from the injury or from pneumonia pure and simple. The medical testimony was much as it is in this case. Not only so, but the physical facts were much as they are in this case. The case is too recent to justify quotation therefrom, but the language of LAMM, J., therein, may be read with interest in connection with the facts of the case at bar. Likewise strong is the later case of McDonald v. Railroad, supra. These cases to our minds determine this controversy. These cases were not before the Court of Appeals at the time the opinions were written herein. The doctrine of these two cases accords with the views of the two cases from the Kansas City Court of Appeals, cited by GOODE, J., in his dissent.

The facts of the case at bar justified the submission of the case to the jury and the demurrer to the testimony was properly overruled by the trial court. On this question, and this is the only one passed upon by the Court of Appeals, the judgment of that court is wrong and the judgment of the circuit court is right. Other questions in the record we take up later.

II. The demurrer to the evidence was the only question considered by the Court of Appeals. The case being here it becomes necessary for us to consider the whole case. One or two other points made deserve

mention. Dr. Callowitz, the attending physician, was asked to state what in his judgment was the cause of the death of plaintiff's wife. He treated her from May 4th to May 16th. He was a regular practicing physician of some eight years' standing. It would serve no good purpose to set out the question asked, because it is one which has been condemned by this court where proper objection was made. It called upon the witness to determine the exact question which should have been left to the jury. [Roscoe v. Railroad, 202 Mo. 576.] But granting this, the objection made does not raise the question. [Longan v. Weltmer, 180 Mo. 322; Roscoe v. Railroad, 202 Mo. l. c. 595.] The objection made was, "The witness has not qualified as an expert." With the evidence in the record that the witness was a graduate of a medical college and a regular practicing physician in this State for eight years, this objection is without force. No objection is made as to the form of the question. Under these circumstances there is no substance in this contention.

III. Complaint is made of the instructions given for the plaintiff, but an examination of these instructions shows that they are as liberal to the defendant as the law of the case would permit. They are clearly drawn and along proper lines. To reproduce them here would but add surplusage to the opinion. The earnest opposition to the judgment is directed to the demurrer to the testimony and not to other matters.

An examination of the whole record leaves us of the opinion that the judgment of the circuit court should be affirmed and it is so ordered. All concur.