PAUL E. WOLFF, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals.   Opinion Filed June 29, 1920.

1. **INSURANCE: Indemnity Insurance: Automobiles: Collision: Petition Drawn on Theory of Total Loss States Value of Automobile.** In a suit upon a policy of fire insurance covering an automobile, to which policy was attached a rider under which defendant insured plaintiff against loss through collision, the petition drawn solely upon the theory of total loss and containing no allegation as to the value of the property at the time of the injury nor as to the actual damage directly caused by the accident, alleged the value of the property at the time of the injury in view of section 7030, Revised Statutes of Missouri, 1909, and Session Acts of 1913, page 380; the former section providing that no company shall take a risk on any property in this state having a ratio greater than three-fourths of the value of the property insured, and when taken its value shall not be questioned in any proceeding, and by reason of this section defendant is precluded from denying the value of the automobile at the time the policy was written.

2. ———: ———: ———: ———: **Answer Aids Petition on Value of Automobile.** Furthermore, the defendant's answer aided the peti-

tion and made an issue as to the value of the automobile at the time of the collision in that it averred that between the time said policy was issued and the date it was damaged, it had greatly depreciated in value and was at the time it was in collision and damaged only of the reasonable actual cash value of $400, and this being put in issue by the reply, the value of the insured property became a substantial issue in the case, and after verdict, and the defendant must be treated as having waived the imperfections of the pleading.

3. **WITNESSES: Expert Witnesses: Qualifications.** In a suit against an insurance company to recover for total loss of an automobile caused by collision, a witness who had had experience of some twelve years in the automobile business, two years of which he was in the special line of buying damaged and worn-out automobiles for the purpose of tearing down same and selling the parts thereof which were still good, was sufficiently qualified to testify as an expert on the question as to whether or not an automobile which the witness testified he had carefully examined and had enumerated the various parts thereof which were injured or damaged could be repaired so as to operate properly as an automobile.

4. **APPELLATE PRACTICE: Objection to Qualification of Witness as Expert: Form of Question Cannot be Considered on Appeal.** Where the sole objection to a question was that "There has been no foundation laid for the qualification of this gentleman," the point at to whether the question was in proper form is not before the court of appeals

5. **WITNESSES: Expert Witnesses: Qualifications.** In a suit against an insurance company to recover for total loss of an automobile caused by collision, a witness who testified that he was an attorney at law and of counsel for plaintiff in the case; that he had "personally" owned three machines during the period of the last five years and have personally had the experience of having a machine wrecked, and I have been attorney for different automobile concerns and in that was kept in touch with the business," *held* that the witness was not qualified as an expert.

6. **COSTS: Tender: Tender to Save Costs Must Include Costs Accrued.** The benefit which inures to a defendant who makes a tender is that, if the plaintiff recovers a sum not greater in amount than such tender, the costs which shall have accrued after the date of the tender shall be assessed against plaintiff, and where a tender is made in court after, and not before suit was brought, section 2282, Revised Statutes 1909, applies, and such tender must include the costs accrued up to the time of the deposit of the tender with the clerk of the court.

7. **INSURANCE: Indeminity Insurance: Automobiles: Collision: Evidence: Insufficient to Warrant Finding That Automobile Was Totally Destroyed.** In a suit upon a policy of insurance covering an automobile, under which defendant insured plaintiff against loss through collision, the petition alleging a total loss by reason of collision, etc., evidence reviewed and *held* not to warrant the submission of the case to the jury upon the theory that the injured automobile was totally destroyed, though expert witnesses testified that the automobile could not be repaired so as to operate properly, they admitting, on cross-examination, that each and every injured or destroyed part of the automobile (which parts in fact aggregated but a small portion of the whole automobile) could have been repaired and replaced.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. John W. Calhoun*, Judge.

REVERSED AND REMANDED.

*Leahy & Saunders* and *David W. Voyles* for appellant.

(1) The respondent was not entitled to go to the jury, on the theory of total loss, when his own testimony showed that the automobile was not so damaged by the collision as to lose its specific character and identity as an automobile; mere destruction or damage to some of its parts is not sufficient to show a total loss. City of Aurora v. Fireman's Fund Ins. Co., 180 Mo. App. 263, 271; Jones v. Orient Ins. Co., 184 Mo. App. 402, 410; Springfield Fire Ins. Co. v. Homeward (Okla.), 122 Pac. 196, 59 L. R. A. (N. S.) 118; Prather v. Ins. Co., 157 Mo. App. 671, 681; Sharp v. Niagara Fire Ins. Co., 164 Mo. App. 475, 490. (2) The measure of damages applicable for the partial loss shown in this case was the reasonable costs of necessary repairs required to put it in as good condition as before the loss, no other element or item of damage sustained appearing in the testimony. Non-Royalty Shoe Co. v. Phoenix Assur. Co., 187 S. W. 246, S. C. (on certification to the Supreme Court), 210 S. W. 37; Rev. Statutes 1909, sec. 7022; Policy Contract, Abs. Rec., p. 36; Branigan v. Jefferson

Fire Ins. Co., 102 Mo. App. 70, 74; Moulton v. Globe Ins. Co., 36 S. D. 339, 154 N. W. 830; Federal Ins. Co. v. Hiter, 164 Ky. 743. (3) Appellant having tendered into court for the benefit of respondent a sum of money equal to the amount which plaintiff, under the evidence, was entitled to have under the policy, was entitled to judgment in its favor. Sanders v. Mosberger, 159 Mo. App. 488, 492. (4) Witnesses must have knowledge of the subject under investigation, either from actual study, experience or observation, in order to be qualified to give opinion in evidence as experts; and mere opportunity previously enjoyed for the acquisition of such knowledge is not sufficient alone to show such knowledge. Paul E. Wolff Shirt Co. v. Frankenthal, 96 Mo. App. 307, 314; Travis v. Continental Ins. Co., 47 Mo. App. 482, 486; Jones on Evidence (2d Ed.), secs. 368, 387; Allen v. Lumber Co., 171 Mo. App. 492, 502. (5) A petition for recovery under a policy of insurance which does not allege the value of the property alleged to be totally destroyed at the time of the loss does not state facts sufficient to constitute a cause of action. Hilburn v. Ins. Co., 129 Mo. App. 670, 678; Summers v. Home Ins. Co., 53 Mo. App. 521, 523; Sharp v. Niagara Fire Ins. Co., 164 Mo. App. 475, 487.

*Paul U. Farley* and *James J. O'Donohoe,* for respondent.

(1) The plaintiff was entitled to go to the jury on the theory of total loss, and it follows that the measure of damages is not the cost of necessary repairs. It follows, too, that the sum of money tendered into court by defendant is inadequate, and defendant was not entitled to judgment in its favor. And the court committed no error in giving instruction No. 2 requested by plaintiff, for that instruction correctly expresses the law. Brown v. Ins. Co., 184 S. W. (Mo. App.) 122; Rodgers v. Ins. Co., 157 Mo. App. 671; Stevens v. Ins. Co., 120 Mo. App. 88; O'Keefe v. Ins. Co., 140 Mo.

558; Havens v. Ins. Co., 123 Mo. 403; 4 Cooley's Briefs, pp. 3046-3052 (cases cited); 5 Joyce on Insurance (2 Ed.), sections 3025-3029 (cases cited); Richards on Insurance, section 190, pp. 240-242, and not; 2 May on Insurance section 421a (cases cited); Vance on Insurance, page 491 (cases cited).   (2) The plaintiff's witnesses were fully qualified to give their opinions as experts. City of Aurora v. Ins. Co., 180 Mo. App. 263; Golden v. Heman Construction Co., 100 Mo. App. 20; Fischer v. Packing & Provision Co., 77 Mo. App. 108; Benjamin v. Railway, 50 Mo. App. 602; Woolwine v. Bick, 39 Mo. App. 495. The court committed no error in admitting the evidence of Mr. Maxwell on the question of what was the fair and reasonable value of the machine at the time he bought it. Railway v. De Lissa, 103 Mo. 125; Willison v. Smith, 50 Mo. App. 469; Mo. Fire Clay Works v. Ellison, 30 Mo. App. 67. Furthermore, whether a witness offered as an expert possesses the proper qualifications is a question for the trial court whose decision is ordinarily conclusive. Bradford v. Railroad, 64 Mo. App. 475; Hartman v. Muehlebach, 64 Mo. App. 565. (3) There is no merit in defendant's theory to the effect that because plaintiff's petition does not allege the value of the property at the time of the loss, it does not state facts sufficient to constitute a cause of action, for that is a matter to be pleaded and proven by defendant. Sections 7020, 7030, R. S. 1909; Meyer Bros. v. Ins. Co., 73 Mo. App. 166; Baker v. Assur. Co., 57 Mo. App. 559. And since there is no evidence of any depreciation of the value of the automobile at the time of loss, it was not even "necessary to incorporate the question of value . . . in plaintiff's instructions." Hilburn v. Ins. Co., 140 Mo. App. 355. Moreover, the answer charged depreciation and that the reasonable cash value of the automobile at the time of loss was $400. Those questions were substantial issues throughout the trial, and defendant cannot now repudiate its action adopted in the progress of the trial. This is especially true since defendant filed neither motion nor demurrer directed against the peti-

tion, and failed to offer any objection to the introduction of evidence on the ground of insufficient or defective petition. Bulware v. Ins. Co., 77 Mo. App. 639; Sisk v. Ins. Co., 95 Mo. App. 695; Gustin v. Ins. Co., 164 Mo. 172 (following Jones v. Ins. Co., 55 Mo. 342, and overruling Coleman v. Ins. Co., 69 Mo. App. 566.) Besides, defendant was not prejudiced because the petition does not allege the value of the property at the time of the loss, for its evidence on the subject was all admitted. Ward v. Dry Goods Co., 248 Mo. 367; Bank of Senath v. Douglass, 178 Mo. App. 664; McCourt v. Grove, 162 Mo. App. 521; Thomas v. Cannery Co., 68 Mo. App. 350; Clemens v. Knox, 31 Mo. App. 185; O'Brien v. Hanson, 9 Mo. App. 545. Laws 191, pages 273 and 274, as amended by Laws 1913, page 380, as wel as sections 7020 and 7030, R. S. 1909, became parts of said policy as mu... as if copied therein. Tinsley v. Ins. Co., 199 Mo. App. 693. Said statutes conclusively fixed the value of the insured automobile at the time the policy was issued a. one-fourth more than the amount insured. Weston v. Ins. Co., 191 Mo. App. 282; Spickard v. Fire Association, 164 Mo. App. 1; Crossan v. Ins. Co., 133 Mo. App. 537; Gragg & Gragg v. Ins. Co., 132 Mo. App. 405; McIntyre v. Ins. Co., 131 Mo. App. 88. Hence plaintiff was entitled to a verdict for the full amount named in the policy, since the evidence shows that there was no depreciation in value at the time of loss. Strawbridge v. Fire Ins. Co., 193 Mo. App. 687. (4) And there is no merit in the assignment of error founded on remarks of counsel for plaintiff, for reasons, among which are: (a) The observations of plaintiff's counsel were legitimate. (b) The question is one for the sound discretion of the trial court. Huckshold v. Railway, 90 Mo. 559; Obouschon v. Boyd, 92 Mo. App. 419-421; Brinkman v. Gottenstroeter, 153 Mo. App. 355. (c) Exceptions must include failure of the trial court to rebuke counsel. State v. Chenault, 212 Mo. 137; Eppstein v. Railway, 197 Mo. 739. (d) Error cannot be found upon garbled remarks of counsel; and the address of opposing counsel should be given

in full, since the alleged observations may be retaliatory only and hence proper. State v. Hayland, 144 Mo. 302; State v. Summar, 143 Mo. 220. (e) Where, as here, the judgment is for the right party, remarks of counsel are immaterial. Sackewitz v. Am. Biscuit Co., 78 Mo. App. 157; Mason v. Mining Co., 82 Mo. App. 371.

BECKER, J.—Plaintiff brought suit upon a policy of fire insurance covering his electric automobile, to which policy of insurance was attached a rider under which defendant insured plaintiff against loss through collision. Said policy insured plaintiff's machine in the sum of $1250 against damages in excess of $25 from being in collision with another automobile for the period of one year from October 26, 1915. The collision in question occurred on October 8, 1916. Plaintiff's petition alleges a total loss by reason of the collision and prays for judgment in the sum of $1225, being the full amount of the policy less $25 exempted as aforesaid, with ten per cent damages for vexatious refusal to pay and for a reasonable attorney's fee.

Defendant's answer admits the issuance of the policy covering loss against damage by collision in the sum of $1250, and that plaintiff's automobile was damaged in a collision on the day alleged but specifically denies that the automobile was totally destroyed and in detail enumerates the damage that the automobile sustained and alleges that each and every item of said damage could be repaired or replaced and that when so repaired the automobile would be in as good condition as before the collision, and that the actual cost of repairing and replacing the injured or damaged parts of said automobile was $200, which sum, prior to the trial, the defendant paid into court for the use and benefit of plaintiff as the actual damage and loss sustained. The answer further alleges that the automobile insured under the policy depreciated in value between the issuance of the policy and the date it was damaged and that at the time of the

204 M. A.—32

collision was of the reasonable cash value of $400. The reply was a general denial.

The case was tried to a jury resulting in a verdict in favor of plaintiff on the policy for $500, together with $20 interest, the jury returning nothing for damages for vexatious refusal to pay, nor did they allow an attorney's fee. From the resulting judgment for $520 entered in favor of plaintiff and against the defendant, the defendant in due course appeals.

## I.

Counsel for appellant contends that the petition of plaintiff, drawn solely on the theory of total loss, contains no allegation as to the value of the property at the time of the injury nor as to the actual damage directly caused by the accident, and therefore does not allege facts sufficient to state a cause of action.

This point is not well taken for when the defendant issued this policy of insurance sued upon, on the 5th day of November, 1915, in an amount not exceeding $1250, under section 7030, Revised Statutes of Missouri, 190; (in this connection see Session Acts, 1913, p. 380) the value of the automobile at that time must be taken as being $1633.33. Said section 7030 as it stood at the time of the issuance of this policy among other things provided that, "no company shall take a risk on any property in this State having a ratio greater than three-fourths of the value of the property insured, and when taken its value shall not be questioned in any proceeding." This law became part of the policy. (Ritchey v. Ins. Co., 104 Mo. App. 146, 78 S. W. 341), and by reason of this section defendant is precluded from denying the value of the automobile at the time the policy was written. [Stevens v. Ins. Co., 120 Mo. App. 88, 96 S. W. 684; Weston v. Ins. Co., 191 Mo. App. 282, 177 S. W. 792; Strawbridge v. Ins. Co., 193 Mo. App. 687, 187 S. W. 79.] Furthermore the defendant's answer aided the petition and made an issue as to the value of the

automobile at the time of the collision in that it avers that "between the time said policy was issued and the date it was damaged, as aforesaid, it had greatly depreciated in value and was, at the time it was in collision and damaged, . . . of the reasonable actual cash value of $400." This plaintiff's reply put in issue so that the value of the insured property became a substantial issue in the case and the record discloses the parties so treated it. In light of this fact we can but hold, in the language used in Boulware v. Ins. Co., 77 Mo. App. l. c. 650, that "at all events when we consider this entire record, petition, answer and the testimony adduced, we think defendant must be treated as having waived the imperfections of the pleadings and the same should be held good enough after verdict." [See Gustin v. Ins. Co., 164 Mo. 172, 64 S. W. 179, and cases therein cited.]

## II.

W[e next take up the objection made that the several witnesses who were permitted to testify as experts on the question as to whether the automobile could have been repaired, "so as to operate properly as an automobile," were not properly qualified.

Our supreme court in the case of McAnany v. Henrici, 238 Mo. l. c. 113, 141 S. W. 633, defines expert testimony as "the opinion of a witness possessing peculiar knowledge, wisdom, skill or information regarding a subject-matter under discussion, acquired by study, investigation, observation, practice or experience and not likely to be possessed by the ordinary laymen or an inexperienced person, and consequently who is incapable of understanding the subject under consideration without aid of the opinion of some person who possesses such knowledge, wisdom, skill, practice or experience; and a person who is competent to give expert testimony is denominated as 'expert witness.' "

It is conceded that the question as to whether or not the automobile was or was not a total loss was a proper subject for expert testimony but counsel for ap-

pellant seriously contends that several of plaintiff's "expert" witnesses were not properly qualified to give testimony as experts.

As to witness Maxwell, the record discloses that he was in the automobile salvage business; that he had been engaged in that business for a period of two years prior to the time of the trial and that he had 12 years of experience in the automobile business; that he was the party who had purchased the car in question from plaintiff prior to the trial and had junked it for the purpose of selling such parts thereof as had any value; that when the car was taken to his shop he had experienced men take it apart. In answer to the question propounded to him by counsel for defendant: "I understood you to testify that you had made a careful examination of this machine after it reached your place of business to determine what was the exact condition of the machine and what if any parts were defective? Is that true?" He answered: "Yes, sir." He enumerated specifically the several parts of the automobile which his examination showed had been destroyed or injured and when asked whether or not in his opinion, "an automobile, in the condition in which you found this Flander's automobile could be repaired so as to operate properly as an automobile," he answered: "No, sir, I didn't think it could."

We are of the opinion and so hold that this witness who had experience of some 12 years in the automobile business, two years of which he was in the special line of buying damaged and worn out automobiles for the purpose of tearing down same and selling the parts thereof which were still good, is sufficiently qualified to testify as an expert on the question of whether or not an automobile which the witness had testified he had carefully examined and had enumerated the various parts thereof which were injured or damaged, could be repaired so as to operate properly as an automobile.

As to the witness Fishencar, his testimony discloses that he had been engaged in the automobile repair business for a period of 7 years, which was sufficient quali-

fication to warrant the court in permitting him to testify as an expert on the question in issue. The question which was asked of each of the above named witnesses, was: "In your opinion that automobile in the condition in which it was then could have been repaired so as to operate properly as an automobile," the sole objection thereto was that, "there has been no foundation laid for the qualification of this gentleman." It thus appears that the sole objection was to the qualification of the witness. The point as to whether the question is in proper form is therefore not before us. [See De Meat v. Storage etc. Co., 231 Mo. 615, 1. c. 620, 132 S. W. 732.]

## III.

It is urged that the court erred in permitting the witness Farley to testify that the automobile had not deteriorated in value from the date the policy was issued up to the time of the collision and that at both said times the automobile was in good condition in all respects.

After an examination of the testimony of this witness we are of the opinion that the witness was not qualified) as an expert. The witness testified that he was an attorney at law and of counsel for plaintiff in the case; that he had "personally owned three machines during the period of the last five years and have personally had the experience of having a machine wrecked and I have been attorney for different automobile concerns and in that way keep in touch with the business." He further testified that he had frequently ridden in the machine in question.

One may own an automobile or several of them in fact and yet never acquire any knowledge of the mechanism thereof, nor what parts thereof are subjected to the greatest amount of wear and tear; nor would mere ownership of an automobile necessarily give one any knowledge of the relative value of a particular car at fixed dates; nor would the fact that one, who had been the owner of several automobiles, had ridden in a particular machine a number of times, without more, throw

any light upon the question as to whether or not he possessed sufficient knowledge, skill or information to qualify him as an expert upon such subject. Nor do we see how the added fact that one had been an attorney for different automobile concerns and so "in that way keep in touch with the business," help the situation.

We are of the opinion and so hold that the witness in question upon this showing should not have been permitted to testify as an expert on the question as to whether or not there was any deterioration in the value of the car between the time the policy was issued and the time of the loss.

## IV.

As to the point raised that the court committed error in refusing defendant's instruction to the effect that if the jury believed from the evidence that the automobile could have been put into as good condition as it was before the accident at a cost not in excess of $200, the amount that the defendant had tendered and paid into court for the use of plaintiff, "then the plaintiff is not entitled to recover and your verdict must be for the defendant," is not well taken.

The benefit which enures to a defendant who makes a tender, is that if the plaintiff recovers a sum not greater in amount than such tender, the costs which shall have accrued after the date of the tender shall be assessed against plaintiff. In this connection it is to be noted that defendant made its tender in court after and not before suit was brought, .and therefore section 2282, Revised Statutes of Missouri, 1909, applies thereto. This section provides that where the defendant in any suit pending shall at any time deposit with the clerk for the use of the plaintiff, the amount of the debt or damages he admits to be due, *together with all costs that have then accrued,* and the plaintiff shall refuse to accept the same in discharge of his suit and shall not thereafter recover a larger sum for his debt or damages due, and costs accrued up to that time of the deposits, than the sum so

deposited, he shall pay all costs that may accrue from and after the time such money was so deposited as aforesaid. The record discloses that the defendant admitted the plaintiff was entitled to $200 and paid said sum to the clerk of the court but did not tender any sum in addition thereto to cover the costs that had accrued up to the date of the tender.

We have set out the substance of the statute above in that a reading of it disposes of the contention that the court erred in refusing to give said instruction, as in no event could the jury return a verdict for the defendant if they found and believed from the evidence under the instructions of the court, that plaintiff was entitled to any sum whatsoever.

We take occasion to advert to the instructions given at plaintiff's request. These said instructions are predicated solely upon the theory of a total loss. Instruction numbered one, which covers the entire case and directs a verdict, is hypothecated upon the jury finding that "the injured automobile was totally destroyed, as defined in another instruction, by being in collision with another automobile," when in point of fact there is no testimony to warrant the giving of an instruction hypothecated upon such finding. While it is true two witnesses who qualified as experts testified that in their opinion an automobile in the condition in which was this particular automobile, as testified to, could not be "repaired so as to operate properly as an automobile," it does not follow that the jury would be warranted in finding from such testimony that the automobile was in fact *totally destroyed*. This is particularly true in light of the instruction defining "totally destroyed" which among other things required the jury to find that the automobile in question had, as a result of the collision, "lost its identity and its specific character as an automobile and become so far disintegrated that it could not be properly designated as an automobile." The correctness of the wording of this instruction we need not consider since we are of the opinion that in any event the evidence did not

warrant the submission of the case to the jury upon this theory. In this connection it may be noted that though these expert witnesses testified that the automobile could not be repaired so as to operate properly, they admitted, on cross-examination, that each and every injured or destroyed part of the automobile (which parts in fact aggregated but a small portion of the whole of the automobile) could have been repaired or replaced.

We do not discuss appellant's other assignments of error in that they are not likely, in the event of another trial, to occur again.

It follows that the judgment should be and the same is hereby reversed and the cause remanded. *Reynolds, P. J.*, and *Allen, J.*, concur