THE STATE ex rel. N. A. AREL v. JOHN S. FARRINGTON et al., Judges of Springfield Court of Appeals.

Division Two, October 9, 1917.

1. **CERTIORARI TO COURT OF APPEALS: Conflict of Opinions: Different Conclusions from Similar Facts.** Where the facts in a case before the Court of Appeals are so similar to the facts in a case previously decided by the Supreme Court as to require that the same rule of law should be applied to the facts of both cases, the

Supreme Court will on *certiorari* quash the judgment of the Court of Appeals if the two opinions conflict.

2. ———: ———: ———: **Action on Insurance Policy: Fraudulent Representations: Question for Jury.** The Supreme Court has not ruled that the fraudulent intent of the insured in making misrepresentations as to the value of the goods insured or the extent of the injury must always be submitted to the jury. The rule is that where the evidence is such that the jury may reach a conclusion one way or the other on the question of fraudulent intent, the case must go to the jury; but where the evidence conclusively shows a fraudulent intent in making the misrepresentations a demurrer to the evidence should be sustained. And whether the Court of Appeals was right or wrong in holding that the insured's evidence conclusively showed fraudulent misrepresentations as to material facts by him, their ruling in that respect was not in conflict with any prior ruling of the Supreme Court, and for that reason cannot be quashed by *certiorari*.

### *Certiorari.*

WRIT QUASHED.

*Walker & Musgrave* and *G. G. Lydy* for relator.

(1) The statement claiming damage of $750 on account of the iron boiler because the laundry plant was rendered useless by the fire, is a mere conclusion from facts known by the insurer through personal inspection by its agents in company with the insured, before the proofs of loss were executed, and did not and could not deceive the insurer. Arel derived and could derive no advantage from it, and the insurance company received and could receive no detriment from it. In any event it is the province of the jury to say whether the statement was the honest assertion of an erroneous claim, or whether it was wilfully made with the purpose to deceive the insurer. The Court of Appeals erred in not so holding, and failed to follow the last controlling decision of this court. Marion v. Ins. Co., 35 Mo. 148; Schulter v. Ins. Co., 62 Mo. 236. The doctrine in Missouri is sustained by the overwhelming weight of authority. The cases are collated in 39 Am. & Eng. Annotated Cases, p. 453. (2) In disposing of a demurrer to the evidence, plaintiff's evidence and his explanation must be taken as true and he is entitled to every legitimate inference therefrom. Thorp v. Met. St. Ry.

Co., 177 S. W. 851; Peak v. Taubman, 251 Mo. 390. (3) Counsel in advising Arel in preparing his proofs of loss relative to the big iron boiler, relied on the doctrine of the following cases, holding that if the destruction by fire be such as would render the property insured of no value for the purpose for which it was used, then the loss would be regarded total, although there might not be a total extinction of all the parts. Havens v. Fire Ins. Co., 123 Mo. 423; Glase v. Templeton, 184 Mo. App. 532.

*John Schmook* and *Hogsett & Boyle* for respondents.

Plaintiff's evidence conclusively established the fact that Arel swore falsely in the proofs of the loss, which false swearing as a matter of law barred his recovery. (1) False swearing as to one item of loss avoids the entire policy. Hall v. Ins. Co., 106 Mo. App. 476; Hamburg v. Ins. Co., 68 Minn. 335; Fowler v. Ins. Co., 35 Ore. 559; Ins. Co. v. Connelly, 104 Tenn. 93; Richards on Insurance (3 Ed.), p. 316. (2) The testimony of Arel himself conclusively and without contradiction proves that he intentionally swore the boiler was a total loss when he positively knew it had suffered no damage whatever. (3) False swearing consists in knowingly and intentionally stating upon oath what is not true, or the statement of a fact as true which the party does not know to be true and which he has no reasonable ground for believing to be true. 19 Cyc. 855; Atherton v. Assurance Co., 92 Me. 289; Linscott v. Ins. Co., 88 Me. 497, 51 Am. St. 435. (4) Arel swore he had sustained a total loss on the boiler, which was not true, and he knew it was not true, and he had no reasonable ground for believing it to be true. (5) The question of fraud or no fraud is a matter of law for the court, not a question for the jury, when the facts relating thereto are conceded and uncontroverted and show a case so plain that reasonable minds could not differ concerning it. Gee v. Drug Co., 105 Mo. App. 34; Marble Co. v. Achuff, 83 Mo. App. 47; Mathews v. Loth, 45 Mo. App. 459; Frankenthal v. Goldstein, 44 Mo. App. 191. (6) It is not only the right, but the positive duty of the trial court, to direct a

verdict for the defendant where the undisputed facts show no liability. Gilmore v. M. B. A., 186 Mo. App. 455; May v. Crawford, 150 Mo. 83; Powell v. Railway, 76 Mo. 83; Gee v. Drug Co., 105 Mo. App. 27; Carter-Montgomerie Co. v. Steele, 83 Mo. App. 215. (7) When fraud is once established, and the necessary consequence of such fraud is to deceive and defraud someone else, the law will conclusively presume a fraudulent intent. This on the ground that a party must be presumed to have foreseen and intended the necessary consequences of his own act. Snyder v. Free, 114 Mo. 376; Bank v. Meyers, 139 Mo. 653; Richards on Insurance (3 Ed.), p. 314. (8) The evidence in the original case established the existence of false swearing as a matter of law, operating as a complete bar to all recovery by Arel. Hall v. Western Underwriters' Assn., 106 Mo. App. 476; Cloak & Suit Co. v. Ins. Co., 141 N. Y. Supp. 553; Richard D'Aigle Co. v. Ins. Co., 136 La. 777; Claflin v. Ins. Co., 110 U. S. 97; Kavooras v. Ins. Co., 167 Ill. App. 220; Rovinsky v. Assurance Co., 100 Me. 112; Sternfield v. Ins. Co., 50 Hun, 262; Ins. Co. v. Vaughn, 88 Va. 832; Vaughn v. Ins. Co., 102 Va. 541; Dohmen v. Ins. Co., 97 Wis. 38; Anibal v. Ins. Co., 82 N. Y. Supp. 600; 4 Cooley's Briefs on Insurance, pp. 3423, 3431; Boynton v. Andrews, 63 N. Y. 93; Moore v. Ins. Co., 28 Gratt. (Va.) 508, 26 Am. Rep. 373; Home Ins. Co. v. Connelly, 104 Tenn. 93. (9) The Court of Appeals' opinion is not in conflict with the decision in Marion v. Great Republic Ins. Co., 35 Mo. 148. The Marion case simply holds that the false statement by the insured, in order to operate as a defense must be (1) an intentional misstatement of a material matter (2) made with the purpose to deceive the insurer. Marion v. Great Republic Ins. Co., 35 Mo. 151. The Court of Appeals' opinion affirmatively finds in the plaintiff's testimony both of these elements. Arel v. Fire Ins. Co., 190 S. W. 78. Arel's own testimony shows that he inserted the false statement of loss in the proof of loss with the intention that the insurance companies should rely thereon, and pay him the insurance money in reliance thereon. Therefore, his own testimony shows that he had an intention to deceive.

ROY, C.—This is a proceeding by *certiorari* originating in this court, having for its object the quashing of the judgment of the Springfield Court of Appeals in the case of N. A. Arel and the Drovers Bank of Springfield v. First National Fire Insurance Company, reported in 195 Mo. App. 165, and in 190 S. W. 78. This proceeding does not in any way affect the rights of said Bank.

The suit above mentioned was brought on a policy of fire insurance issued to Arel on the machinery and other personal property of a laundry owned and operated by him in the city of Springfield, subject to a chattel mortgage to said bank.

That policy contained the usual provisions avoiding it in case the insured had concealed or misrepresented any material fact concerning said insurance or the subject thereof, or in case of any fraud or false swearing by the insured touching any matter relating to said insurance or the subject thereof, whether before or after a loss.

The answer contained a general denial, set out the above provisions of the policy, and alleged that Arel had been guilty of making false and fraudulent misrepresentations to the defendant wherein he exaggerated the value of said insured property at the time that said policy was issued, and that Arel in his proofs of said loss made to the defendant false and fraudulent misrepresentations as to the extent of the injury done by the fire to said property, and as to the amount of Arel's loss by reason of said fire.

There was a trial before a jury. At the close of plaintiff's evidence, the court, at the instance of the defendant, gave a peremptory instruction to find for the defendant, and a verdict was rendered accordingly. In due time the trial court, on the motion of the plaintiff, set aside said verdict and granted the plaintiff a new trial. Thereupon, in proper time, the defendant filed its motion to set aside the order granting the plaintiff a new trial, which motion was overruled, and the de-

fendant prosecuted its appeal to the Springfield Court of Appeals, where the order of the trial court setting aside the verdict and granting a new trial to the plaintiff was held to be erroneous and the cause was remanded with instructions to the trial court to set aside its order granting the plaintiff a new trial and to reinstate the judgment previously rendered. Then followed this proceeding in which it is contended that the opinion of the Court of Appeals above mentioned is in conflict with the case of Marion v. Great Republic Ins. Co., 35 Mo. 148, and with the case of Schulter v. Merchants' Mutual Ins. Co., 62 Mo. 236, which hold that a mistake or an unintentional error or a misstatement as to an immaterial matter, or a statement of opinion as to matters concerning which opinions may reasonably differ, or a statement not made with intent to deceive, will not avoid the policy.

We deem it unnecessary to set out the evidence on which the trial court gave the peremptory instruction to find for the defendant.

We can discover no conflict whatever between the opinion of the Court of Appeals and the prior decisions of this court cited by the relator. The Marion case, supra, is not cited in the opinion of the Court of Appeals, but that opinion very clearly holds that to avoid the policy such false statement must be *fraudulent* (that means intentional) and must not be a mere mistake or unintentional error, or a misstatement of an immaterial fact, or a mere statement of opinion concerning matters as to which opinions may reasonably differ.

We fully recognize the rule laid down by FARIS, J., in State ex rel. Hays v. Robertson, 271 Mo. 475, l. c. 481, decided by this court In Banc, where, in speaking of the power of this court in such *certiorari* cases, it was said: "If this decision be opposed to what we said, or the conclusion which we reached upon similar facts (if the facts are similar) in the Ramlose case, we ought to quash the judgment of the Court of Appeals."

Undoubtedly, where the facts in a case before one of the Courts of Appeals are so similar to the facts in a

case previously decided by this court as to require that the same rule of law should be applied to the facts in both cases, this court will on *certiorari* quash the judgment of the Court of Appeals when its opinion conflicts with a previous opinion of this court on that point. But this court has not in its prior opinions cited by the relator declared the law on facts similar to the facts in this case.

The relator's brief contends that the Marion and Schulter cases hold that the question as to the fraudulent intent of the insured in making any misrepresentation must be submitted to the jury. Those cases do *not* hold that such question must always be submitted to the jury. Where the evidence is such that the triers of fact may reach a conclusion one way or the other on that point, the case must go to the jury; but where the evidence for the plaintiff conclusively shows a fraudulent intent in making the misrepresentation a demurrer to that evidence should be sustained.

Whether the Court of Appeals was right or wrong in holding that plaintiff's evidence conclusively showed fraudulent misrepresentations by the plaintiff as to material facts, its ruling in that respect is not in conflict with any prior ruling of this court, and is, for that reason, beyond our reach.

The preliminary writ of *certiorari* herein should be quashed, and it is so ordered. *White*, Co., not sitting.

PER CURIAM: The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.