# Hensley v. Clay et al.

February 3, 1948.

S. M. Ward, Judge.

Napier & Napier for appellant.

Courtney C. Wells for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

When appellant purchased Lot No. 7 in the Hillside Terrace Addition in the Walkertown Station Section of Hazard, appellees were the owners and in possession, and had built a storeroom on the rear, of Lot No. 8, which is adjacent to Lot No. 7. Appellant commenced the building of a fence upon what he conceived to be the division line between the two lots. Since the fence was not located on the line appellees claim is the division, they brought this action to enjoin appellant from trespassing on their property. Upon submission the Chancellor concluded that the line appellant relied on was the true division line; but since appellees had constructed a portion of their store building on a part of Lot No. 7 previous to appellant's purchase of that lot, the Chancellor determined that appellant's claim to that portion upon which the store building was constructed is champertous and violative of KRS 372.070, which, in so far as pertinent, provides:

"Any sale or conveyance, including those made un-

der execution, of any land, or the pretended right or title thereto, of which any other person has adverse possession at the time of the sale or conveyance, is void; * * * ,,

Appellant has appealed from so much of the judgment as upholds the champerty Statute (KRS 372.070); and appellees have cross-appealed from the Chancellor's decision in respect to the location of the division line between the two lots.

In addition to other evidence, each of the parties introduced a surveyor, the testimony of each of whom sustains the contention of the party by whom he was employed; consequently, the evidence is in hopeless conflict. It is impossible for us to conclude that the Chancellor erred in his decision; accordingly, we must affirm his judgment in respect to the location of the division line under the firmly established rule that, if we entertain no more than a doubt concerning the correctness of the chancellor's decision, we will affirm the judgment. Cook et al. v. Hagan et al., 301 Ky. 346, 192 S. W. 2d 97.

The facts of the case, as related, plainly entitle appellees to rely on the champerty Statute. The possession was open, notorious, and to a well defined line, viz., that part of Lot No. 7 upon which appellees' building encroached. The very purpose of the Statute, which is a reassertion of the common law, is to prohibit the "* * * purchasing of a suit, or right of suing: a practice so much abhorred by our law that it is one main reason why a *chose* in action, or thing of which one hath the right but not the possession, is not assignable at common law; because no man should purchase any pretence to sue in another's right." Commentaries on the Laws of England, by Sir William Blackstone, Book IV, Chapter 10, p. 136.

The judgment is affirmed on both the appeal and cross-appeal.