**STOESSEL**

v.

**ST. LOUIS PUBLIC SERVICE CO.**

No. 43652.

Supreme Court of Missouri.

Division No. 1.

June 14, 1954.

Lloyd E. Boas, St. Louis, for appellant.

Lusser & Dorsey, Rene J. Lusser, Gerard M. Dorsey, St. Louis, for respondent.

COIL, Commissioner.

Plaintiff-respondent claimed $35,000 for personal injuries allegedly sustained when the rear overhang of defendant's streetcar struck her as it rounded a curve. The trial court set aside defendant-appellant's verdict and judgment and granted plaintiff a new trial without specifying the grounds therefor. Plaintiff, to support that action and to overcome the presumption that the trial court's order was erroneous, 42 V.A. M.S. Supreme Court Rules, rule 1.10, contends that four erroneous instructions were given at defendant's request.

Defendant, at the time of the instant accident, maintained a streetcar loop at the northwest corner of Devonshire and Macklind. Southampton streetcars proceeded west on Devonshire, turned north on Macklind, left (west) into the loop area where the single entrance track divided into double tracks in the northwest portion of the loop area. The double tracks merged into a single track southwardly in the loop toward Devonshire. As the cars left the loop area, they turned or curved left into and proceeded eastwardly on Devonshire. On October 14, 1949, defendant's streetcar had completed the loop and stopped for passengers with its front end about three feet north of the north edge of the north sidewalk on Devonshire. Plaintiff and another passenger, seeing the car approach, proceeded southwest from their waiting place within the loop area and walked in front of the standing streetcar to the west side of the track, then a few steps north-

wardly, which brought them to the open front door. The other passenger followed to plaintiff's right rear. When plaintiff was about to board, the door suddenly closed and the car went forward immediately into the curved portion of the track leading into Devonshire. Plaintiff looked to her right toward the other passenger and either took one or more steps toward her or, according to the other passenger, simply looked toward her and stood still. The car's rear overhang swung westwardly five feet as it traversed the curve and knocked plaintiff to the pavement. The other passenger, looking north toward the car's rear, saw the approach of the overhang, stepped back, and unsuccessfully attempted to pull plaintiff from the overhang's path. Defendant's evidence was that there was a yellow line painted on the macadam surface describing the arc of, and thus showing the extent of, the outswing of the rear of the streetcar in traversing that particular curve.

There was evidence that defendant's operator could have seen plaintiff as she stood in the position described when about to board the car; that he gave her no warning of the outswing of the rear of the streetcar, closed the door suddenly, and started the car forward "fast." Plaintiff testified that she had no knowledge of the fact that the rear of a streetcar swung outwardly as it moved around a curve although she had used streetcars for years and had ridden them when they went around corners. Plaintiff said that she was struck almost "instantly" after the car started forward and that she did not know how far the car had moved before she took a step toward her fellow passenger. On cross-examination (construing her testimony in the light most favorable to defendant), she testified that, while there was no yellow line present on the day of the accident, she knew that yellow lines were painted along streetcar tracks to warn people of the turning of streetcars and to warn people to stand back of such lines; that she knew the instant streetcar was moving forward after its door closed; knew that the

car turned east into Devonshire but did not know that it would turn immediately as it moved forward. In answer to a question as to her movement when the car started forward, plaintiff said, "I was surprised, and I was going to talk to Mrs. Klippel (the prospective passenger standing to plaintiff's right rear) and I was getting out of the way, getting away from the streetcar. It had gone, and naturally I was going to walk away from it." (Parenthetical insert ours.)

Neither the operator of the streetcar which struck plaintiff nor the operator of a streetcar immediately following testified.

Plaintiff submitted her case by two main instructions. One directed a verdict if the jury found: that defendant started its car while plaintiff was standing one foot to the west of the front door and thereby caused the rear end of the car to swing five feet outwardly and strike plaintiff; that before starting, defendant saw or could have seen plaintiff and knew or should have known that by so starting and moving the car its rear end would strike plaintiff but, nevertheless, proceeded to so do without warning plaintiff of the car's outswing. The other instruction hypothesized the identical situation as instruction 1 and permitted the jury to find that defendant was negligent in moving the car suddenly forward under the hypothesized circumstances.

In our examination of the attacked instructions, we do, as defendant suggests, have in mind that "In determining the correctness of instructions, all of each instruction should be considered and parts should not be isolated from their context; and all instructions should be read as parts of a single charge. Mueller v. Schien, 352 Mo. 180, 187(1), 176 S.W.2d 449, 452(2–5). We should not be hypertechnical in requiring the use of particular words or phrases, or in requiring any particular arrangement or form of language. Rather, we should determine whether average laymen have been sufficiently apprised of the necessary facts to be found by them and of the correct legal conclusions which fol-

low." Sauer v. Winkler, Mo.Sup., 263 S.W.2d 370, 374[2]. And that a defendant is entitled to an instruction based upon any theory supported by the evidence considered in the light most favorable to defendant. Robb v. St. Louis Public Service Co., 352 Mo. 566, 569[1], 178 S.W.2d 443, 444[1, 2].

■ Defendant's instruction 10 was: "The Court instructs the jury that if you find and believe from the evidence that there was a yellow warning line painted alongside the streetcar tracks, mentioned in evidence, and further find that plaintiff saw, or by the exercise of the ordinary care could have seen, said warning line, and if you further find that plaintiff stood between said warning line and the rail of the streetcar track, when plaintiff knew, or by the exercise of ordinary care could have known, that the rear end of said streetcar would swing out and strike her, and if you further find that plaintiff, by so standing between said line and rail, if you find she did so stand, failed to exercise ordinary care for her own safety and was negligent, and that such negligence on her part, if any, contributed to cause her injury, if any, then you are instructed that plaintiff cannot recover, and your verdict must be for the defendant."

Instruction 10 is patently erroneous in that it directs a verdict for defendant upon finding plaintiff proximately negligent if the jury found that plaintiff saw or could have seen the yellow warning line and stood between such yellow line and the side of the car (which she admittedly did and had to do in order to board) when she knew or could have known that "the rear end of said streetcar would swing out and strike her." Clearly, and as a matter of law, a finding of the foregoing facts would not support a conclusion that plaintiff was negligent. Plaintiff stood where she was invited to stand and where she had to stand in order to board the streetcar. That place was necessarily between the yellow warning line and the side of the streetcar. Thus plaintiff's knowledge (when she was standing in this designated place) that the rear end of the streetcar would strike her if the car

started before she boarded it, would not tend to prove negligence on her part. No facts are hypothesized which would point to any duty on plaintiff to act until after the car started forward. Under the evidence, the issue on plaintiff's contributory negligence was not, as submitted in instruction 10, whether plaintiff stood between the yellow line and the streetcar with knowledge that the car would strike her if it started forward; rather, the issue was whether plaintiff continued to stand in that place after the car started forward with knowledge that it would strike her if she did not step back behind the yellow line, and with time to have so acted before the rear end of the car struck her. The instruction obviously fails to hypothesize that plaintiff continued to stand between the yellow line and the streetcar after the car started forward with knowledge that she was then in the path of the overhang and with knowledge that the car was proceeding immediately into a left curve and that she had time to remove herself from such position before being struck.

Defendant contends that the instruction is not subject to the construction we have placed upon it and could not have misled the jury. We cannot agree. We see no other possible construction of the language used. Perhaps a jury would understand that the instruction intended to submit whether plaintiff continued to stand between the yellow line and the side of the car after it started but, if so, the jury would have to read this idea into the instruction. This requires surmise and speculation as to whether the jury did so. However that may be, the instruction is erroneous for the further reason that it failed to submit that plaintiff could, in the exercise of ordinary care, have moved from her position between the yellow line and the side of the car to a place behind or west of the yellow line after the car started and before she was struck. We have noted that plaintiff was "surprised" at the sudden closing of the door and at the sudden movement forward; that the car started "fast"; and that she was struck almost "instantly" after the car started forward. There was no direct evidence as to

how long it was from the time the car started forward until plaintiff was struck. And while there may have been sufficient circumstances from which the jury reasonably could have inferred that plaintiff had time to move beyond the yellow line, yet, taking into account reaction time, whether plaintiff could, in the exercise of ordinary care, have moved out of the path of the overhang before being struck was an essential fact for determination prerequisite to finding plaintiff negligent.

Furthermore, when instruction 9 (also on the subject of contributory negligence) is considered in connection with instruction 10, the likelihood that the jury was misdirected by instruction 10 becomes more apparent. Instruction 9 was: "The Court instructs the jury that if you find and believe from the evidence that plaintiff saw, or by the exercise of ordinary care could have seen, that the streetcar was starting up and moving, and if you further find and believe from the evidence that plaintiff knew, or by the exercise of ordinary care could have known, that the rear end of said streetcar would swing out over the point where she was standing when said streetcar made the turn, and if you further find that plaintiff failed and neglected to step back and out of the path of the rear end of said streetcar when by the exercise of ordinary care she could have done so, and if you further find that in so failing plaintiff failed to exercise ordinary care for her own safety and was negligent, and that such negligence, if any, contributed to cause plaintiff's injury, if any, then you are instructed that plaintiff cannot recover, and your verdict must be for the defendant."

It thus appears that the question of whether the plaintiff could and should, in the exercise of ordinary care, have stepped back from the path of the overhang when she knew of the outswing of the car and failed to do so, was submitted by instruction 9. A proper submission by instruction 10 of the same issue would have been unnecessary. Under such circumstances, it is likely that the jury would believe that some essentially different issue was being submitted by instruction 10. We may not say therefore

that the jury was not misled or that instruction 10 did not constitute misdirection.

We observe, for whatever benefit such may be in the event of a retrial, that one instruction (under the particular facts of this case) should be sufficient to submit the issue of plaintiff's contributory negligence. And we further observe that instruction 9 did not hypothesize whether plaintiff knew or should have known that the streetcar upon starting would immediately proceed into a left turn or curve. Plaintiff testified that she knew streetcars turned east into Devonshire, but she said she did not know that from where the car was standing, it would move forward *immediately* into the curve.

For the reasons stated, we hold that the order of the trial court granting plaintiff a new trial was correct because of the action of the trial court in having given prejudicially erroneous instruction 10.

Instruction 6, as we view it, was a verdict-directing instruction which attempted to require findings which, if made, would require the conclusion that defendant was not negligent either in failing to warn plaintiff of the car's outswing or in moving the car forward under the circumstances hypothesized in plaintiff's instruction 2. In view of our holding that the giving of instruction 10 necessitates an affirmance of the trial court's new trial order, we can perceive no justifiable purpose to be served in setting out instruction 6 or in ruling the attacks made against it on this appeal. Suffice to say that, in the event of a retrial, defendant will undoubtedly consider plaintiff's present contentions concerning instruction 6 when drafting its instructions.

Instruction 14 was cautionary and in the nature of a withdrawal instruction. Undoubtedly the circumstances which defendant contends justified the giving of that instruction will not recur in the event of a retrial.

The order of the trial court granting plaintiff a new trial is affirmed.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the Court.

All concur.