**Daphna E. COX, Respondent,**

v.

**CONSOLIDATED CABS, Inc., Appellant.**

No. 22363.

Kansas City Court of Appeals.

Missouri.

May 7, 1956.

Thomas J. Conway, Kansas City, for appellant.

Albert J. Yonke, C. H. Bryant, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment for $5,000 and defendant has appealed.

On May 16, 1953, plaintiff, Daphna E. Cox, was injured while riding in an automobile driven by her brother, Harrison E. Wheeler. The accident occurred at 13th Street and The Paseo in Kansas City, Missouri, at about midnight. Thirteenth Street runs east and west, The Paseo north and south. Plaintiff was seated on the right-hand side of the back seat, next to a Mr.

Meek, and Mrs. Harrison E. Wheeler was seated on the right-hand side of the front seat. These four people, along with six or eight other acquaintances went to the Down Beat, a tavern located at 47th and Troost, arriving there about 10:00 p. m. They remained there until about 11:30 p. m. during which time Mr. Wheeler, the driver of the car, drank two highballs. He had previously consumed two similar drinks at his home after dinner. According to the testimony of plaintiff and Mr. and Mrs. Wheeler, they "danced most of the time" they were at the Down Beat. The party left the Down Beat at 11:30 p. m. and headed for the Travelux, another tavern located on Independence Avenue. But when they got to Independence Avenue plaintiff said that she had to work the next day and would like to get home, so Mr. Wheeler turned the car around and started back to The Paseo and proceeded south to 13th Street, where the accident occurred. Wheeler testified that he was not intoxicated and that his car was in perfect mechanical condition.

The Paseo is a two-way street with a parkway in the middle. Mr. Wheeler testified that he was driving south in the left-hand lane next to the center of The Paseo at a speed of 20 to 25 miles per hour approaching 13th Street when a cab owned by the defendant and driven by its agent, Sterling Jones, came up alongside of him on his right or west side at a speed of 30 to 35 miles per hour. Defendant's cab attempted to pass between Wheeler's car and one which was about 25 feet ahead of him and in the next lane to the west. According to the testimony of Wheeler the cab "made a sharp turn in front of me and cut between me and the other car and hooked on to my bumper and fender, that its left hind bumper hooked on my right bumper * * * Well, when he hooked on to me, by the—it was so sudden and fast, before I could take my foot off the accelerator and apply my brakes —he was dragging me along there and he dragged me about thirty and thirty-five feet —and when I did tear loose I was so close to this light post it just threw me into the light post." Under the testimony of plaintiff, as

well as that of both Mr. and Mrs. Wheeler, the sudden turn of the cab was made without any signal or warning whatever. As a result of the impact of the Wheeler car with the lamp post plaintiff was thrown to the floor of the car and injured.

In view of the fact that no contention is here made that plaintiff did not make a submissible case or that the verdict is excessive, we need not further detail the evidence.

Defendant's first contention is that Instruction I given on behalf of plaintiff is erroneous for the reason it assumes controverted issues.

The instruction told the jury that "if you believe and find from all the evidence" that plaintiff was riding as a passenger in an automobile then being driven south on The Paseo and that at that time defendant's taxicab was also being driven south on The Paseo near its intersection with 13th Street by its agent, Sterling Jones" * * * and that said automobile in which plaintiff was riding was being operated in the left lane or the lane nearest the east curb of the southbound lane of The Paseo, and that said automobile was then so close to the rear of an automobile being operated in a southerly direction in the west lane, or lane nearest the parked cars, that it was or should have been reasonably apparent to said Jones in the exercise of the highest degree of care that he could not pass between said automobile in which plaintiff was riding and the said automobile being operated ahead and to the right of the automobile in which plaintiff was riding and that it was, or should have been apparent to Jones, in the exercise of the highest degree of care that there was a danger of a collision between said taxicab and the automobile in which plaintiff was riding unless he took precaution to prevent such a collision;

"And if you further find that said Jones, thereafter failing to exercise the highest degree of care, suddenly turned and swerved the said taxicab to the left in front of the automobile in which plaintiff was riding without warning at a time when it was or should have been reasonably ap-

parent to said Jones, in the exercise of the highest degree of care that there was danger of a collision, and said Jones was thereby negligent, if you so find the facts to be; and that the direct and proximate result of such negligence of Jones, while acting for and on behalf of the defendant, Consolidated Cabs, Inc., as aforesaid, said taxicab came into collision with said automobile in which plaintiff was riding and thereafter caused said automobile to come into collision with a pole, if you so find and plaintiff was thereby injured, if you so find, then your verdict should be for plaintiff and against defendant, Consolidated Cabs, Inc."

■ As said by our Supreme Court in the case of Rishel v. Kansas City Public Service Co., Mo.Sup., 129 S.W.2d 851, 856: "Whether or not an instruction erroneously assumes a given fact may be determined solely by the consideration of the instruction as a whole."

■■ And later the same court said in the case of Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449, 452, that "'A single instruction must be considered in its entirety and not just a part thereof. The meaning should be gathered from the instruction as a whole and not as to the effect of a particular phrase alone. An instruction should not be condemned by picking out isolated words, sentences, or paragraphs, but the instruction should be read as a whole.'" (Citing cases.)

■ As is to be seen, the instant instruction begins with the phrase "If you believe and find from all the evidence in this case", and ends with the phrase "if you so find." In addition, at the end of that part of the instruction setting forth the claimed negligent acts of defendant's driver is the phrase "if you so find the facts to be."

In the case of Pogue v. Rosegrant, Mo. Sup., 98 S.W.2d 528, 530, the court said:

"It will be noted that the criticized portion of the instruction begins with the words 'If you further find,' then hypothesizes certain facts, and concludes with the words 'and if you so find.' Such an instruction does not assume anything, but requires all the hypothesized facts to be found by the jury. In Lewis v. Illinois Cent. R. Co., [Mo.Sup.,] 50 S.W.2d 122, 125, we said: 'Where an instruction commences "If you find and believe from the evidence," and then, after stating certain facts, even in a way which seems to assume them, if the instruction follows this recital with the requirement "if you so find," a finding of those facts is required by the jury'—citing cases.

"See, also, Dohring v. Kansas City, Mo. Sup., 81 S.W.2d 943, 948; Dodson v. Gate City Oil Co., 338 Mo. 183, 88 S.W.2d 866, 873, 874."

More recent cases to the same effect are Roux v. Silver King Oil & Gas Co., Mo. App., 244 S.W.2d 411, 414, and Henson v. Jasinsky, Mo.Sup., 251 S.W.2d 601.

While the instruction might have been more aptly worded, it is apparent that when read in its entirety, it does not assume controverted facts.

■■ Defendant also says this instruction was erroneous because it "failed to submit whether plaintiff was in the exercise of ordinary care for her own safety in riding in said automobile, knowing the driver had drunk intoxicating liquor."

Defendant did not plead contributory negligence, and thus is in no position to complain. Under our statute contributory negligence is an affirmative defense and must be set forth in the answer in order to be available as a defense. Section 509.090 RSMo 1949, V.A.M.S.

In the fairly recent case of Brady v. St. Louis Public Service Co., Mo.Sup., 233 S.W.2d 841, the plaintiff's main instruction did not require a finding that plaintiff was in the exercise of due care for her own safety. In that case, as here, the defendant did not plead contributory negligence. Our Supreme Court, after referring to the above statute and citing many cases, held that the instruction was proper. 233 S.W. 2d loc. cit. 844. The contention lacks merit.

■ Defendant also contends that Instruction No. 2 given on behalf of plaintiff was erroneous. This instruction told the jury that if they found "that the automobile in which plaintiff was riding was owned by Harrison Wheeler, and that he was driving it and exclusively in control of it at the time of the collision, and that plaintiff was riding with him at his invitation; and that she had nothing to do with the driving or control thereof, then any negligence, if any there was, on the part of Harrison Wheeler, would not be imputable or chargeable to her * * *."

Similar instructions have had the approval of our appellate courts. Stevens v. Westport Laundry Co., 224 Mo.App. 955, 967, 25 S.W.2d 491; Jepson v. Shaw Transfer Co., 211 Mo.App. 366, 374, 243 S.W. 370; Corn v. Kansas City, C. C. & St. J. R. Co., Mo.Sup., 228 S.W. 78, 82; Silsby v. Hinchey, Mo.App., 107 S.W.2d 812, 815. In view of these authorities, we rule the point against defendant.

Defendant's last contention is that the court erred in failing to discharge the jury because plaintiff's counsel in his argument to the jury made certain remarks, which, defendant asserts, were improper and prejudicial.

■ Declaring a mistrial for improper argument rests largely within the discretion of the trial court. Mooney v. Terminal R. Ass'n of St. Louis, 353 Mo. 1080, 186 S.W.2d 450. In the instant case the trial court promptly sustained defendant's objections, instructed the jury to disregard the remarks, and admonished plaintiff's counsel to confine his argument to the evidence. The alleged improper remarks dealt solely with the question of whether or not plaintiff had been injured as a result of the collision. Defendant, as we have said, is making no claim here that the verdict is excessive. Under all the circumstances, we do not feel that we would be justified in interfering with the ruling of the learned trial court in refusing to grant a mistrial.

Finding no error in the record prejudicial to the defendant, the judgment is affirmed.

All concur