Jessie GOULD and Stella Gould, Plaintiffs-Respondents,

v.

M.F.A. MUTUAL INSURANCE COMPANY, Defendant-Appellant.

No. 7795.

Springfield Court of Appeals.

Missouri.

Feb. 4, 1960.

Blanton & Blanton, Sikeston, for defendant-appellant.

Robert A. Dempster, Daniel S. Norton, Sikeston, for plaintiffs-respondents.

STONE, Presiding Judge.

This is a suit on a fire insurance policy. About 2:30 A.M. on January 21, 1958, a 22-foot, 2-wheel, wooden house trailer (and the contents thereof) owned by plaintiffs, Jessie and Stella Gould, burned on the 30-acre farm of plaintiff Stella's sister and her husband near Benton, Missouri. As plaintiffs' evidence went, Jessie had been "picking fruit" in Florida since "about the first of December" 1957, Stella had been with her son in Kentucky since "a couple weeks" after Jessie left for Florida, the trailer door had been padlocked with Stella carrying the only key, and the cause of the fire was shrouded in mystery.

Plaintiffs had purchased the trailer on October 28, 1957, for $150; but, although an illiterate man unable to read and "just barely" able to sign his name, plaintiff Jessie with uncanny prescience had applied on the same day for fire insurance coverage of $500 on the trailer and $500 on the household goods situate therein. According to Jessie, he thereafter spent "about $400" on materials used in repairing and improving the trailer, and he and his brother-in-law "did the labor" on it. Plaintiffs lived in the trailer until Jessie went to Florida. Thereafter left behind in the padlocked trailer (so plaintiffs said) were items of personal property having an aggregate value of not less than $1,000, to-wit, a 21″ television set purchased for $269 in cash in September 1957, a "divan type" bed purchased "at watermelon time" in 1957 for $169, a chest of drawers, a cedar chest, a coffee table, a chair, a cabinet, a fan, a table lamp, an oil heater, a gas stove, two throw rugs, eight quilts, six sheets, twelve pillow cases, two pillows, three blankets, two bed spreads, a broom, a mop, a dust mop, towels and wash cloths valued at $25, dishes and cooking utensils of like value, and all of Jessie's "winter clothes" including "six, seven, or eight or ten pair" of "nice dress pants" and "three or four coats." At the close of a bitterly-contested trial, it took a Scott County jury seventeen minutes to retire, choose a foreman, and return a unanimous verdict awarding plaintiffs the full coverage of $500 on the trailer and $500 on household goods. Defendant appeals.

■ The initial appellate complaint is that the trial court erred in overruling defendant's after-trial motion for judgment in accordance with its motion for a directed verdict, or in the alternative for a new trial, because plaintiffs' petition fails to state a cause of action in that it does not allege the actual cash value of the property destroyed at the time of the fire.[1] However, it would seem that the attacked petition should not be held fatally deficient at this stage of the litigation, under the holdings that an allegation to the effect that the insured property was totally destroyed by fire is to be regarded *after verdict* as an averment of loss to the amount of the value of the property.[2] Furthermore, several cases point out that a defect of this character in a petition is cured by evidence of value received without objection.[3]

■ Accordingly, we next consider instant defendant's contention that there was no evidence as to the actual cash value of the insured property at the time of the fire. Referring first to the household goods, we

1. See Tiller v. Farmers' Mut. Fire Ins. Co., 220 Mo.App. 1337, 296 S.W. 464, 466 (3); Goldsberry v. Farmers Mut. Fire & Lightning Ins. Co. of Polk Co., Mo. App., 86 S.W.2d 578, 582(1).

2. Gustin v. Concordia Fire Ins. Co., 164 Mo. 172, 177, 64 S.W. 178, 179; Koropchensky v. Goddard, Mo.App., 266 S.W. 343(1); Avery v. Mechanics' Ins. Co., 222 Mo.App. 31, 35, 4 S.W.2d 871, 873(3). See also Hoffman v. General Exchange Ins. Corp., Mo.App., 16 S.W.2d 716, 717 (2).

3. Gustin v. Concordia Fire Ins. Co., supra, 164 Mo. loc. cit. 178, 64 S.W. loc. cit. 180; Hoffman v. General Exchange Ins. Corp., supra, 16 S.W.2d loc. cit. 717(3); Tiller v. Farmers' Mut. Fire Ins. Co., supra, 220 Mo.App. loc. cit. 1344, 296 S.W. loc. cit. 466. See also Howerton v. Iowa State Ins. Co., 105 Mo.App. 575, 582, 80 S.W. 27, 29.

observe that, when plaintiff Jessie was asked on redirect examination "what was the value, entire value, in your opinion of the contents of the house trailer that burned," he answered, without objection, "I would figure a thousand dollars or twelve hundred dollars," and that, on subsequent recross-examination, *defendant's* counsel inquired, "you say that in your opinion the value of this property was how much, for the contents," and thus elicited the reply, "around a thousand dollars." Regardless of whether this testimony might have been excluded upon proper and timely objection (as to which we express no opinion), its probative worth and effect were for the jury in the circumstances of the record before us,[4] and we may not hold that there was no evidence as to the value of the burned contents of the trailer.

■ As for the trailer itself, we start with the plain proposition that, under the so-called valued policy statute applicable to personalty [Section 379.160 RSMo 1949, V.A.M.S., as amended Laws of 1957, p. 214], defendant will not be heard to deny that, whatever plaintiffs paid for the trailer [Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, Mo.App., 168 S.W. 2d 127, 134(17)], its actual value at the time of the issuance of defendant's policy, i.e., on October 28, 1957, was the full amount for which it was insured, to-wit, $500.[5] Since the fire on January 21, 1958, admittedly resulted in a total loss, the measure of damages for destruction of the trailer was its value at the inception date of defendant's policy, to-wit, $500, less depreciation, if any, from that date to the time of the fire.[6] Although there was no *direct* evidence as to the reasonable market value of the trailer at the time of the fire [cf. Strawbridge v. Standard Fire Ins. Co. of Hartford, 193 Mo.App. 687, 690, 187 S.W. 79, 80; Cunningham v. Holzmark, 225 Mo.App. 762, 769, 37 S.W.2d 956, 960, 47 S.W.2d 1097], we think that, with its value conclusively fixed at $500 as of the inception date of defendant's policy, with affirmative evidence that plaintiffs thereafter repaired and improved the trailer by the use of materials costing "about $400," and with no suggestion of any depreciation in value during the period of less than three months to the date of the fire, the jury reasonably could have found that the trailer was worth not less than $500 when it burned.[7]

To those whose moral sensibility may be wounded by the declaration that a used trailer purchased for $150 was worth $500 later the same day when insured for that amount, we offer such philosophical balm

4. Vosburg v. Smith, Mo.App., 272 S.W.2d 297, 302(9), and cases collected in footnote 9; Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42(1); Ferrell v. Sikeston Coca-Cola Bottling Co., Mo.App., 320 S.W.2d 292, 296(7), and cases collected in footnote 2.

5. Curtis v. Indemnity Co. of America, 327 Mo. 350, 372, 37 S.W.2d 616, 626–627; Farber v. Boston Ins. Co., 221 Mo.App. 691, 288 S.W. 977, 978(1). See also Miller v. Firemen's Ins. Co., 206 Mo.App. 475, 229 S.W. 261, 264–265; Wolff v. Hartford Fire Ins. Co., 204 Mo.App. 491, 498, 223 S.W. 810, 811; Weston v. American Ins. Co., 191 Mo.App. 282, 284, 177 S.W. 792, 793.

6. Curtis v. Indemnity Co. of America, supra, 327 Mo. loc. cit. 372, 37 S.W.2d loc. cit. 627; State ex rel. Burton v. Allen, 312 Mo. 111, 121–122, 278 S.W. 772,

775; Bergerson v. General Ins. Co. of America, 232 Mo.App. 549, 105 S.W.2d 1015, 1019(11); Elliott v. Fidelity-Phenix Fire Ins. Co. of N. Y., Mo.App., 267 S.W. 441, 444; Zackwik v. Hanover Fire Ins. Co., Mo.App., 225 S.W. 135, 139 (21). See also Prudential Ins. Co. of America v. German Mut. Fire Ins. Ass'n of Lohman, Mo.App., 142 S.W.2d 500, 503(5, 6).

7. Strawbridge v. Standard Fire Ins. Co. of Hartford, 193 Mo.App. 687, 187 S.W. 79, 80; Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, Mo.App., 168 S.W.2d 127, 134. Consult also Cunningham v. Holzmark, 225 Mo.App. 762, 37 S.W.2d 956, 960, 47 S.W.2d 1097; Painter v. Concordia Fire Ins. Co., Mo. App., 256 S.W. 531, 533; Todd v. Security Ins. Co. of New Haven, 203 Mo. App. 474, 482–483, 221 S.W. 808, 811.

as may be extracted from these sage observations of another generation:

> "The manifest policy of the statute is to prevent, rather than encourage, over-insurance, and to guard, as far as possible, against carelessness, and every inducement to destroy property in order to procure the insurance upon it. It was also designed to prevent insurance companies from taking reckless risks in order to obtain large premiums by advising them in advance that they would be held to the value agreed upon when the insurance was written. * * * The policy of the law seems to us wise and wholesome, but, if it were not, it is the province of the legislature to repeal it, and not ours to usurp legislative authority. More care in the selection of agents and more care in the inspection of the insured property will dispense with many of the objections urged against the policy of this statute." [8]

■ In another assignment of error, counsel for defendant earnestly insist that their motion for a directed verdict should have been sustained "because the evidence showed conclusively that, prior to denial of liability by the defendant, the plaintiffs were guilty of false swearing relative to material facts affecting the risk and the alleged loss, to-wit, as to the value of items of property, and that there was a TV set, divan, cooking utensils and bed clothing in said trailer at the time of the alleged fire when the record shows conclusively" to the contrary. In elaborating upon their contention of "false swearing" as to "the value of items of property," defendant's counsel point out in their argument that "shortly after January 21, 1958, plaintiff, Stella Gould, by her statement of loss listed certain items and the *original cost* thereof, and the plaintiffs allegedly under date of April 22, 1958, listed certain items * * * and set out as the *original cost* thereof figures that were in conflict with the statement of loss given by Stella Gould." (Emphasis ours.) But, although this be true, it does not establish "conclusively" that "plaintiffs were guilty of false swearing." In the first place, examination of plaintiff Stella's "statement of loss" reveals that, although defendant's claim adjuster who obtained the statement said that it was in Stella's handwriting (Stella did not testify herself), the statement was not subscribed and sworn to by Stella and, for that matter, did not even bear her signature. When a party is not bound conclusively by inconsistent or contradictory statements in prior testimony under oath, either in a deposition [9] or at a former trial of the same cause,[10] but such inconsistencies or contradictions, even though unexplained,[11] go only to the credi-

8. Daggs v. Orient Ins. Co. of Hartford, 136 Mo. 382, 394–395, 38 S.W. 85, 87, 35 L.R.A. 227, affirmed 172 U.S. 557, 19 S.Ct. 281, 43 L.Ed. 552; State ex rel. Burton v. Allen, supra, 312 Mo. loc. cit. 119–120, 278 S.W. loc. cit. 774; Spickard v. Fire Ass'n of Philadelphia, 164 Mo.App. 1, 5–6, 146 S.W. 808, 810; Ritchie v. Home Ins. Co., 104 Mo.App. 146, 152, 78 S.W. 341, 343. See also Nalley v. Home Ins. Co., 250 Mo. 452, 470, 157 S.W. 769, 774.

9. Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24, 31(4); Parmley v. Henks, Mo., 285 S.W.2d 710, 714; Johnson v. St. Louis Public Service Co., 363 Mo. 380, 385, 251 S.W.2d 70, 73(2); Hamilton v. Patton Creamery Co., 359 Mo. 526, 534, 222 S.W.2d 713, 716(2); Schonlau v. Terminal R. Ass'n of St. Louis, 357 Mo. 1108, 1115, 212 S.W.2d 420, 423; Leek v. Dillard, Mo.App., 304 S.W.2d 60, 63(2); Holmes v. Egy, Mo.App., 202 S.W.2d 87, 91(6, 7); Moses v. Kansas City Public Service Co., 239 Mo.App. 361, 373, 188 S.W.2d 538, 545.

10. Davidson v. St. Louis-San Francisco Ry. Co., 301 Mo. 79, 86, 256 S.W. 169, 171; Steele v. Kansas City Southern Ry. Co., 302 Mo. 207, 219, 257 S.W. 756, 759; McNatt v. Wabash Ry. Co., 341 Mo. 516, 108 S.W.2d 33, 39(6).

11. Fitzgerald v. Thompson, 238 Mo.App. 546, 553, 184 S.W.2d 198, 201–202(2); Smith v. Producers Cold Storage Co., Mo. App., 128 S.W.2d 299, 303–304(5); Wilson v. Marland Refining Co., Mo.App.,

bility of the one uttering them, certainly variations between original cost figures in an unsigned, unsworn statement and in a subsequent proof of loss would furnish no "conclusive" proof of "false swearing." [12] In fact, it has been said specifically that, even where there is a difference between the *amounts claimed* in a proof of loss and upon subsequent trial, for which discrepancy no satisfactory explanation is offered, no presumption arises that the insured has sworn falsely, but it becomes a question for the jury to determine, from all of the facts and circumstances in the case, whether such discrepancy is the result of accident, honest error, or fraudulent intent. Schulter v. Merchants' Mut. Ins. Co., 62 Mo. 236, 238–239.

 Furthermore, the "false swearing" which will void an insurance policy must have been willful, with respect to a material matter, and with the intent to deceive the insurer.[13] Emphasizing the element of materiality, it has been held that, "(a) misrepresentation, in order to constitute fraud and false swearing under a fire insurance policy, must exaggerate the value of the property or the amount of the loss to a material extent." Wittels Loan & Mercantile Co. v. Liberty Fire Ins. Co., Mo.App., 273 S.W. 192, 193(1). To the same effect, see Wittels Loan & Mercantile Co. v. American Cent. Ins. Co., Mo. App., 273 S.W. 1084, 1086(2, 3). And, where the amount of an insured's loss is in excess of the maximum policy coverage, the extent of such excess obviously could not be material to the insurer. Miller v. Great American Ins. Co., Mo.App., 61 S.W. 2d 205, 208. In instant plaintiffs' suit for

the total loss of articles of personalty in the burned trailer, the *original cost* of such articles, coupled with their dates of acquisition, constituted evidence relevant to the inquiry as to their *"actual cash value" at the time of the fire;* but, defendant's primary concern necessarily was as to such "actual cash value" at the time of the fire (which plaintiffs sought to recover), and *not* as to original cost. Plaintiff Stella's "statement of loss" listed *original cost* figures aggregating $1,028.91 for the described articles, but *no figures were shown in the column captioned "value at time of loss."* Plaintiffs' subsequent proof of loss listed, for the same articles, *original cost* figures aggregating $1,366.45 and *also "values at time of loss"* aggregating $1,020.90. Bearing in mind that $500 was the maximum policy coverage for household goods in the trailer, certainly the stated variation in *original cost* figures would not support a finding that, *as a matter of law,* plaintiffs were guilty of "false swearing," i. e., willful misrepresentation with the intent to deceive defendant as to a material matter.

 Defendant's point that "plaintiffs were guilty of false swearing relative to material facts" also rests upon its contention that "the record shows conclusively" that the television set, divan, cooking utensils and bedding (claimed by plaintiffs to have been burned) were not in the trailer at the time of the fire. This contention is predicated upon the testimony of *defendant's* witnesses, principally its claims adjuster from Cape Girardeau who inspected the ashes seven days after the fire, and its trained investigator from Columbia who

7 S.W.2d 442, 446. And, see Parrent v. Mobile & O. R. Co., 334 Mo. 1202, 1213, 70 S.W.2d 1068, 1074.

12. Zamora v. Woodmen of the World Life Ins. Soc., Mo.App., 157 S.W.2d 601, 605 (5); Cook v. Missouri Pacific R. Co., Mo. App., 51 S.W.2d 171, 173(5); Campbell v. National Fire Ins. Co. of Hartford, Mo.App., 269 S.W. 645, 648(2). Consult also Miller v. Multiplex Faucet Co., Mo., 315 S.W.2d 224, 227(1); Reeves v.

Thompson, 357 Mo. 847, 211 S.W.2d 23, 27–28; Vosburg v. Smith, Mo.App., 272 S.W.2d 297, 301–302(8).

13. Marion v. Great Republic Ins. Co. of St. Louis, 35 Mo. 148, 151; St. Louis Ins. Co. v. Kyle, 11 Mo. 278, 284, 293; Miller v. Great American Ins. Co., Mo.App., 61 S.W.2d 205, 208(6); Patten v. Springfield Fire & Marine Ins. Co., Mo.App., 11 S.W.2d 1101, 1105; Walker v. Phoenix Ins. Co., 62 Mo.App. 209, 226.

made a minute examination and took several photographs ten days after the fire, both of whom said positively that they found no residual metal parts or glass fragments such as would have remained from the television set, divan and cooking utensils. But, the trained investigator readily conceded that the curious "sometimes" rummage through the rubble and ashes left by a fire, and both of these witnesses frankly admitted that they did not know what had happened at the scene of this fire before they arrived seven to ten days later. Furthermore, the triers of the facts were not compelled to embrace defendant's witnesses and their testimony, for it is a trite commonplace that jurors are at liberty to believe or to disbelieve, and to accept or to reject, any part of the oral testimony even though it be uncontroverted. See cases collected in West's Missouri Digest, Vol. 12A, Evidence, █.

█ Where *plaintiffs-insureds* admit or their evidence conclusively shows false swearing (as hereinbefore defined), direction of a verdict for defendant-insurer is appropriate [Arel v. First Nat. Fire Ins. Co., 195 Mo.App. 165, 190 S.W. 78]; but where the evidence is such that the triers of the facts may draw different inferences and may reach different conclusions on the issue of false swearing, the case should not be taken from the jury. State ex rel. Arel v. Farrington, 272 Mo. 157, 163, 197 S.W. 912, 913(2). In

our view of the instant case, it falls in the latter category.[14]

█ The essence of defendant's next point is that the jury verdict for plaintiffs was contrary to the overwhelming weight of the credible evidence. Although the books are sprinkled generously with cases (only a few of which are cited marginally) in which our Supreme Court has said that, whether a verdict is against the weight of the evidence is a question for the trial court alone,[15] and that, where the motion for new trial has been overruled, such question "has been conclusively resolved" [Barker v. Crown Drug Co., Mo., 284 S.W.2d 559, 560(1)], because an appellate court is without authority to pass upon the weight of the evidence,[16] we think that these cases "overstate the law" [Hemminghaus v. Ferguson, 358 Mo. 476, 485, 215 S.W.2d 481, 485] and that an appellate court does have the power in an action at law to grant another trial on the weight of the evidence. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S.W.2d 458, 464–465. But, notwithstanding such appellate *power*, it is clear that appellate *policy* in law cases is to abide by rulings of trial courts on weight of evidence assignments [Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698, 700(2); Hemminghaus v. Ferguson, supra, 358 Mo. loc. cit. 485–486, 215 S.W.2d loc. cit. 485] and that reported instances in which a trial court has refused

14. Niehaus v. Central Manufacturers' Mut. Ins. Co., Mo., 293 S.W.2d 355, 361; Patten v. Springfield Fire & Marine Ins. Co., supra, 11 S.W.2d loc. cit. 1105; Campbell v. National Fire Ins. Co. of Hartford, supra, 269 S.W. loc. cit. 648(2). And, see Loveless v. Locke Distributing Co., supra, 313 S.W.2d loc. cit. 31(6), and State ex rel. McCrory v. Bland, 355 Mo. 706, 197 S.W.2d 669, 674(10), 168 A.L.R. 929.

15. Robbins v. Robbins, Mo., 328 S.W.2d 552, 556; Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917; Clark v. McKeone, Mo., 234 S.W.2d 574, 576(4); Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d

570, 572(2); Stubblefield v. Federal Reserve Bank of St. Louis, 356 Mo. 1018, 204 S.W.2d 718, 721(5). To the same effect, see Romandel v. Kansas City Public Service Co., Mo., 254 S.W.2d 585, 590; Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304, 306(2); Woehler v. City of St. Louis, 342 Mo. 237, 114 S.W. 2d 985, 987.

16. Nelson v. Tayon, Mo., 265 S.W.2d 409, 416(7); Bloch v. Kinder, 338 Mo. 1099, 93 S.W.2d 932, 933(3); Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 560; Biondi v. Central Coal & Coke Co., 320 Mo. 1130, 9 S.W.2d 596, 598(2).

but an appellate court has granted a new trial on the ground that the jury verdict was against the weight of the evidence are indeed rarer than the proverbial hen's teeth. Robbins v. Robbins, Mo., 328 S.W. 2d 552, 556(8); Reger v. Nowotny, Mo., 226 S.W.2d 596, 598(7). In fact, we are cited to no such reported Missouri case and have found none. In accordance with their prerogative so to do, jurors not infrequently swallow, as appetizing and palatable titbits, factual morsels which might gag and nauseate appellate reviewers. So, under our time-honored system, it matters not whether the odor from the factual potpourri served by instant plaintiffs, which in the nostrils of the jurors seems to have been a fragrant, clean, sweet-scented aroma, is to our olfactory sense a foul, noisome, retching stench. With the verdict of the jury not offensive to a capable trial judge who overruled defendant's motion for new trial containing assignments which charged perjury and false swearing and clearly went to the weight of the evidence, we may not reasonably find this case to be so egregious as to justify abandonment of the well-established appellate policy of abiding by the trial court's refusal to grant a new trial on the weight of the evidence.

■■■■ Defendant also mounts a three-pronged assault upon plaintiffs' principal verdict-directing instruction 1. The first complaint is that instruction 1 assumed, without requiring the jury to find, that household goods were situated in the trailer at the time of the fire. But, one of the findings upon which instruction 1 predicated a verdict was, "if you further find that * * * on or about the 21st day of January, 1958, that said house trailer and household goods situated in said house trailer and belonging to the plaintiffs and more fully described in the evidence were completely and totally destroyed by fire, if you so find." "(W)here an instruction commences 'If you find and believe from the evidence,' and then, after stating certain facts, even in a way which seems to assume them, if the instruction follows this recital with the requirement 'if you so find,' a finding of those facts is required by the jury";[17] and, where an instruction begins with "if you find and believe from the evidence" and then clearly proceeds to enumerate the facts to be found, it is not necessary that the same phrase be repeated in juxtaposition with each of the enumerated facts.[18] Examining criticized instruction 1 in the light of these principles, and attending also the cautionary holdings that, in determining the legal sufficiency of an instruction, we should not be hypertechnical in requiring grammatical perfection, the use of certain words or phrases, or any particular arrangement or form of language,[19] but that we rather should be concerned with the meaning of the instruction (read with all others given in the case) to a jury of ordinarily intelligent laymen,[20] crediting them with common sense and an ordinary

17. Lewis v. Illinois Cent. R. Co., Mo., 50 S.W.2d 122, 125; Pogue v. Rosegrant, Mo., 98 S.W.2d 528, 530(4); Henson v. Jasinsky, Mo., 251 S.W.2d 601, 604–605(4); Cox v. Consolidated Cabs, Mo. App., 290 S.W.2d 658, 661(4). See also Wilcox v. Swenson, Mo., 324 S.W.2d 664, 672.

18. Dodson v. Gate City Oil Co., 338 Mo. 183, 88 S.W.2d 866, 873–874(9); Keeton v. Sloan's Moving and Storage Co., Mo.App., 282 S.W.2d 194, 198(6). See also Nichols v. Steffan, Mo., 299 S.W.2d 417, 419–420.

19. Sauer v. Winkler, Mo., 263 S.W.2d 370, 374(2); Stoessel v. St. Louis Public Service Co., Mo., 269 S.W.2d 41, 43(2); Heppner v. Atchison, T. & S. F. Ry. Co., Mo., 297 S.W.2d 497, 502(6).

20. Lewis v. Zagata, 350 Mo. 446, 166 S.W. 2d 541, 545(5); Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449, 453(11); Machens v. Machens, Mo., 263 S.W.2d 724, 732(7); Wade v. Kirksville College of Osteopathy and Surgery, Mo., 270 S.W.2d 811, 814; Salmon v. Brookshire, Mo. App., 301 S.W.2d 48, 56(13).

understanding of the English language,[21] we do not believe that instruction 1 improperly assumed, or that the jurors would have understood it to have assumed, that household goods were in the trailer at the time of the fire.

▇ Defendant's second complaint as to instruction 1 is that it erroneously failed to require a finding that (in accordance with policy provisions) plaintiffs had, within sixty days after the fire, rendered a sworn proof of loss to defendant. An insurer is under a statutory duty to furnish to an insured sustaining loss, within a reasonable time after notice of loss to the insurer, such blank forms of statements and proofs of loss as the insurer may desire to be completed, and the insurer's failure, neglect or refusal so to furnish such blank forms or proofs waives its right to require them. Sections 379.185 and 379.-190 RSMo 1949, 19 V.A.M.S. Instant defendant did not plead that it had furnished proofs of loss to plaintiffs [contrast Roberts v. Insurance Co. of America, 94 Mo.App. 142, 72 S.W. 144], and nothing in the evidence disclosed whether or when such proofs of loss were supplied by defendant. In this state of the record, instruction 1 was not reversibly erroneous for failing to include a finding of compliance with the policy requirement as to proofs of loss, and the trial court did not err in refusing defendant's instruction B pertaining to plaintiffs' compliance with such policy requirement. Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, supra, 168 S.W.2d loc. cit. 134 (19); Meyer Bros. v. Insurance Co. of North America, 73 Mo.App. 166, 171–172 (4); Warren v. Bankers' and Merchants' Town Mutual Co. of Liberty, 72 Mo.App. 188, 190.

In discussion of another point, supra, we already have disposed of defendant's third attack upon instruction 1, i. e., that the record did not permit a finding as to the actual cash value of the insured property at the time of the fire.

There is no merit in defendant's further complaint that the trial court erred in refusal of instruction A, that complaint being predicated upon the mistaken assumption that the insurance policy issued to plaintiffs "was not a valued policy." Sections 379.140 and 379.145 RSMo 1949, V.A.M.S., cited by defendant under this point, are applicable only to insured *realty* [see cases collected in footnote 3 under Section 379.140, 19 V.A.M.S. 648], but another so-called valued policy statute, Section 379.-160, subd. 3, RSMo 1949, as amended Laws of 1957, p. 214, by its terms is clearly applicable to insured *personalty*. See cases cited in footnotes 5 and 6, supra, and Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, supra, 168 S.W.2d loc. cit. 134.

Finding no reversible error, the judgment is affirmed.

McDOWELL and RUARK, JJ., concur.

---

21. Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501, 508(11); Schmidt v. Windish, Mo., 304 S.W.2d 891, 895; Weber v. Jones, 240 Mo.App. 914, 222 S.W.2d 957, 962(4); Blackman v. Botsch, Mo.App., 281 S.W.2d 532, 536.

Consult also Rishel v. Kansas City Public Service Co., Mo., 129 S.W.2d 851, 856 (13), and Bidleman v. Morrison Motor Freight, Mo.App., 273 S.W.2d 745, 749 (4).